STATE OF HAWAII, Plaintiff-Appellee, *v.* DWAYNE NELSON MENDONCA, Defendant-Appellant

NO. 10192

(CRIMINAL NO. 2919)

DECEMBER 18, 1985

LUM, C.J., NAKAMURA, PADGETT, HAYASHI, AND WAKATSUKI, JJ.

## OPINION OF THE COURT BY HAYASHI, J.

Defendant-Appellant Dwayne Nelson Mendonca (hereinafter "Mendonca") appeals from convictions for attempted first degree robbery (HRS §§ 705-500 and 708-840(1)(b)(i) ) and attempted murder (HRS §§ 705-500 and 707-701). Mendonca contends he was subjected to double jeopardy when Plaintiff-Appellee the State of Hawaii (hereinafter "State") indicted and prosecuted him for two crimes arising out of

the exact same facts when the evidence indicated he was guilty of only one crime (attempted robbery). We disagree and affirm the convictions based on the reasons stated below.

## I.

The following facts were established at trial by the testimony of Jimmy Yasay (hereinafter "Yasay"). Mendonca and Yasay decided to rob a gambling "banker" (a person who holds gambling money proceeds). In the early morning hours of January 21, 1983, they drove after the car of Gary Ramos (hereinafter "Ramos") intending to rob him. While Yasay drove, Mendonca fired several shots and wounded Ramos. After chasing Ramos for a few miles and nearly crashing into Ramos' car, Yasay said, "Let's just let it go." Mendonca replied, "No; let's go, man. *We have to get him now.*" Transcript, August 8-9, 1984 at 139 (emphasis added). After Ramos' car crashed, Mendonca jumped out of Yasay's car and began shooting. Yasay testified that Mendonca was shooting at the car; it was too dark to see exactly where Ramos was. Ramos returned fire and shot Yasay whereupon Yasay and Mendonca fled. On September 8, 1983, Yasay was convicted of assaulting Ramos. While Yasay was later serving time, he decided to testify against Mendonca because of a monetary dispute between them.

On May 17, 1984, the Kauai grand jury returned a two-count indictment against Mendonca:

*COUNT I:* On or about the 21st day of January, 1983, in the County of Kauai, State of Hawaii, DWAYNE NELSON MENDONCA did intentionally attempt to commit theft of property of Gary Ramos and while armed with a dangerous instrument, to-wit: a rifle, did use force against Gary Ramos, who was present, with the intent to overcome Gary Ramos' physical resistance or physical power of resistance, an act which constitutes a substantial step in a course of conduct intended to culminate in the commission of the crime of Robbery in the First Degree, thereby committing the offense of Attempted Robbery in the First Degree in violation of Sections 705-500 and 708-840(b)(i) [sic] of the Hawaii Revised Statutes.

The GRAND JURY further charges:

*COUNT II:* On or about the 21st day of January, 1983, in the County of Kauai, State of Hawaii, DWAYNE NELSON MEN-

DONCA did intentionally attempt to cause the death of Gary Ramos by shooting at him with a rifle, an act which constitutes a substantial step in a course of conduct intended to culminate in the commission of the crime of Murder, thereby committing the offense of Attempted Murder in violation of Sections 705-500 and 707-701 of the Hawaii Revised Statutes.

Record at 1-2.

Before trial, Mendonca moved to dismiss the indictment on the ground that State improperly indicted him under HRS § 708-840(1)(b)(i) and should have indicted him under HRS § 708-840(1)(a). Mendonca asserted that State, by indicting him under HRS § 708-840(1)(b)(i) instead of HRS § 708-840(1)(a), was trying to convict him for two separate crimes when the facts indicated he attempted to kill Ramos during the course of the robbery so the attempted murder was not a separate crime.[1] The trial court denied the motion to dismiss.

At trial Yasay testified. Mendonca's defense witnesses did not contradict Yasay's testimony nor account for Mendonca's whereabouts in the early morning hours of January 21, 1983. On August 9, 1984, the trial court convicted Mendonca on both counts. Judgment was entered on September 7, 1984, and Mendonca filed a timely notice of appeal.

We will consider the issues presented in the following order: 1) whether State improperly indicted Mendonca under HRS § 708-840(1)(b)(i) instead of under HRS § 708-840(1)(a) thus requiring dismissal of the indictment; and 2) whether Mendonca was improperly convicted for two crimes arising out of the same facts thereby violating the double jeopardy prohibition of HRS § 701-109 (1976)?

---

[1] The relevant portion of the statute in effect in 1983 provided:

§ *708-840 Robbery in the first degree.* (1) A person commits the offense of robbery in the first degree if, in the course of committing theft:

    (a) He attempts to kill another, or intentionally inflicts or attempts to inflict serious bodily injury upon another; or

    (b) He is armed with a dangerous instrument and:

        (i) He uses force against the person of the owner or any person present with intent to overcome the owner's physical resistance or physical power of resistance . . . .

## II.

A trial court's ruling on a motion to dismiss an indictment is reviewed for an abuse of discretion. *State v. Corpuz,* 67 Haw. 438, 690 P.2d 282 (1984). In *State v. Pulawa,* 62 Haw. 209, 215, 614 P.2d 373, 377 (1980), we quoted from *United States v. Samango,* 607 F.2d 877, 882 (9th Cir. 1979): "Dismissal of an indictment is required only in flagrant cases in which the grand jury has been overreached or deceived in some significant way, as where perjured testimony has knowingly been presented [footnote and citation of cases omitted]."

Mendonca claims State abused its prosecutorial discretion by indicting him under HRS § 708-840(1)(b)(i) so that State could also indict him for attempted murder. He asserts State should have indicted him under HRS § 708-840(1)(a) where attempted murder was an element of attempted first degree robbery. He contends State acted in "bad faith" by trying to prosecute him, in violation of the double jeopardy prohibition, for two crimes when he committed attempted robbery only under HRS § 708-840(1)(a).

We have long held, "it is generally no defense to an indictment under one statute that the accused might have been charged under another, and the matter is necessarily and traditionally in the discretion of the prosecuting attorney." *State v. Rabago,* 67 Haw. 332, ___, 686 P.2d 824, 826 (1984). *State v. Kuuku,* 61 Haw. 79, 595 P.2d 291 (1979); *State v. Modica,* 58 Haw. 249, 567 P.2d 420 (1977); *Territory v. Awana,* 28 Haw. 546 (1925). We now hold the same rule applies to give prosecutors the discretion to decide which statutory subsection to charge the accused with.

Because State had the discretion to charge Mendonca under HRS § 708-840(1)(b)(i) instead of HRS § 708-840(1)(a), the trial court did not abuse its discretion by refusing to dismiss the indictment. Also, Mendonca has failed to show any flagrant prosecutorial misconduct warranting dismissal.

## III.

We must now determine whether Mendonca was improperly convicted for two crimes arising out of the same facts. The relevant portion of HRS § 701-109 provides:

> *§ 701-109   Method of prosecution when conduct establishes an*

*element of more than one offense.* (1) When the same conduct of a defendant may establish an element of more than one offense, the defendant may be prosecuted for each offense of which such conduct is an element. He may not, however, be convicted of more than one offense if:

 (a)  One offense is included in the other, as defined in subsection (4) of this section; or

. . . .

 (e)  The *offense is defined as a continuing course of conduct and the defendant's course of conduct was uninterrupted,* unless the law provides that specific periods of conduct constitute separate offenses.

. . . .

(4) A defendant may be convicted of an offense included in an offense charged in the indictment or the information. An offense is so included when:

 (a)  It is *established by proof of the same or less than all the facts required to establish the commission of the offense charged;* or

 (b)  It consists of an attempt to commit the offense charged or to commit an offense otherwise included therein; or

 (c)  It differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest or a different state of mind indicating lesser degree of culpability suffices to establish its commission.

(Emphasis added.)

We held in *State v. Pia,* 55 Haw. 14, 19, 514 P.2d 580, 584-85 (1973): Where . . . two different criminal acts are at issue, supported by different factual evidence even though separated in time by only a few seconds, one offense by definition cannot be "included" in the other. The defendants can properly be punished for both, under different, *or the same* statutory provisions.

(Emphasis in original.) In *State v. Martin,* 62 Haw. 364, 368, 616 P.2d 193, 196 (1980), however, we ruled:

[T]he applicable test in determining whether there is a continuing crime "is whether the evidence discloses one general intent or discloses separate and distinct intents." It found if "there is but one intention, one general impulse, and one plan, even though there is a

series of transactions, there is but one offense."
(Quoting *People v. Howes,* 99 Cal. App. 2d 808, 818-19, 222 P.2d 969, 976 (1950)).[2]

In the present case, the crimes charged have different statutory elements. Attempted robbery under HRS § 708-840(1)(b)(i) requires State prove Mendonca had *specific intent to steal,* was armed with a dangerous instrument, *and* used force to try to overcome Ramos' resistance. *See,* footnote 1, *supra.* Attempted murder under HRS § 707-701 requires State prove Mendoca had *specific intent to kill* Ramos.[3] Because both crimes involve mutually exclusive *mens rea* requirements, the crimes charged are not lesser included offenses under HRS § 701-109(1)(a).

Also, different facts go to prove each crime. Though one could argue Mendonca's shots at Ramos were part of his continuing conduct to rob Ramos under HRS § 701-109(1)(e), the trial court's finding that State proved Mendonca intended to commit two separate crimes beyond a reasonable doubt is not clearly erroneous. *See, State v. Sujohn,* 5 Haw. App. ___, 697 P.2d 1143 (1985) (in a jury-waived criminal case, the trial court's finding of guilt is a finding State has proved beyond a reasonable doubt every element of the crimes charged).

Yasay testified he and Mendonca tried to rob Ramos. But after Ramos attempted to escape and Yasay wanted to give up the chase, Mendonca said "No; let's go, man. We have to get him now." Transcript, August 8-9, 1984 at 139. After Ramos' car had crashed (so there was no need to fire the gun to halt Ramos' flight), Mendonca began firing wildly at the car while Ramos was still presumably inside. One could reasonably infer from the circumstantial evidence and Mendonca's words and

---

[2]The United States Supreme Court has held:

[T]hat where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not.

*Blockburger v. United States,* 284 U.S. 299, 304 (1932) (citations omitted). *Brown v. Ohio,* 434 U.S. 161 (1977). *See, State v. DeCenso,* 5 Haw. App. 127, 681 P.2d 573 (1984). The federal standard is less rigorous than that imposed by Hawaii law. *Pia,* 55 Haw. at 18, 514 P.2d at 584.

[3]§ *707-701 Murder.* (1) Except as provided in section 707-702, a person commits the offense of murder if he intentionally or knowingly causes the death of another person.

acts that he then intended to kill Ramos. *See, State v. Silva,* 67 Haw. 581, 698 P.2d 293 (1985); *State v. Yabusaki,* 58 Haw. 404, 570 P.2d 844 (1977). Mendonca thus committed two separate crimes closely related in time, and no double jeopardy violation occurred. Substantial evidence exists to support both convictions. *State v. Lima,* 64 Haw. 470, 643 P.2d 536 (1982).

The judgment is affirmed.

*Calvin K. Murashige* (*Shiraishi & Yamada* of counsel), for Defendant-Appellant.

*Jay M. Murobayashi,* Deputy Prosecuting Attorney, for Plaintiff-Appellee.