STATE OF HAWAII, Plaintiff Appellee,
v.
WILLIAM ILI, Defendant-Appellant.
No. 28534.
Intermediate Court of Appeals of Hawaii.
May 16, 2008.
Dana S. Ishibashi, for Defendant-Appellant.
Daniel H. Shimizu, Deputy Prosecuting Attorney, City and County of Honolulu, for Plaintiff-Appellee.

SUMMARY DISPOSITION ORDER
FOLEY, Presiding Judge, NAKAMURA and FUJISE, JJ.
Defendant-Appellant William Hi (Hi) appeals from a Judgment of Conviction and Sentence filed on April 30, 2007, in the Circuit Court of the First Circuit (circuit court).[1] A jury convicted Hi of Unlawful Methamphetamine Trafficking, in violation of Hawaii Revised Statutes (HRS) § 712-1240.6(3) (Supp. 2005). The circuit court sentenced Hi to a ten-year term of incarceration, with a mandatory minimum term of one year and six months.
On appeal, Hi argues[2] that the circuit court erred in not granting his June 22, 2006 Motion to Dismiss Indictment because (1) the State of Hawai'i (State) did not comply with Hawai'i Rules of Penal Procedure (HRPP) Rule 6, and (2) Honolulu Police Officer Zuttermeister's testimony before the grand jury regarding Ili's identity was misleading.
Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Ili's points of error as follows:
(1) The circuit court did not abuse its discretion in denying Ili's Motion to Dismiss Indictment because:
(a) HRPP Rule 6(d) (2006) does not prohibit a witness from testifying via live video conferencing, and, regardless, the court had the discretion to allow Honolulu Police Department Criminalist Mohamed to testify in that manner. HRPP Rule 6(d); State v. Wong, 97 Hawai'i 512, 517, 40 P.3d 914, 919 (2002); State v. Harrison, 95 Hawai'i 28, 32, 18 P.3d 890, 894 (2001); State v. Alvey, 67 Haw. 49, 57, 678 P.2d 5, 10 (1984); State v. Miyazaki, 64 Haw. 611, 615, 645 P.2d 1340, 1344 (1982); State v. Mendonca, 68 Haw. 280, 283, 711 P.2d 731, 734 (1985). Moreover, any error was harmless because Officer Zuttermeister's testimony was sufficient to establish probable cause.
(b) The State was not required to notify the grand jury of discrepancies in Officer Zuttermeister's descriptions of Hi because the evidence was not "clearly exculpatory." State v. Bell, 60 Haw. 241, 242-45 & 252-54, 589 P.2d 517, 519-20 & 524-25 (1978).
Therefore,
IT IS HEREBY ORDERED that the Judgment of Conviction and Sentence filed on April 30, 2007 in the Circuit Court of the First Circuit is affirmed.
NOTES
[1] The Honorable Richard W. Pollack presided.
[2] Ili's opening brief fails to comply with Hawai'i Rules of Appellate Procedure (HRAP) Rule 28(b)(3) in that it fails to include in the statement of the case "record references supporting each statement of fact or mention of court . . . proceedings." (Emphasis added.) Ili's brief also does not comply with HRAP Rule 28(b) (4) in that each point of error does not state " (ii) where in the record the alleged error occurred; and (iii) where in the record the alleged error was objected to or the manner in which the alleged error was brought to the attention of the court or agency." Ili's counsel is warned that future non-compliance with HRAP 28 may result in sanctions against him.