**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000506
22-JUL-2021
10:30 AM
Dkt. 62 MO**

NO. CAAP-18-0000506

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellant,
v.
ANDREW HINESLEY, Defendant-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 1CPC-17-0001383)

MEMORANDUM OPINION
(By:  Ginoza, Chief Judge, Leonard and Nakasone, JJ.)

Plaintiff-Appellant State of Hawaiʻi (the **State**) appeals from the "Findings of Fact, Conclusions of Law, and Order Granting Dismissal With Prejudice Counts 1-6 and 8-11 of Indictment" (**FFCLO**) entered on May 25, 2018, by the Circuit Court of the First Circuit (**Circuit Court**).[1]

On appeal, the State contends the Circuit Court erred in *sua sponte* dismissing Counts 8-11 with prejudice.  For the reasons that follow, we affirm in part, vacate in part, and remand for further proceedings.

## I.  Background

On September 28, 2017, the State charged Defendant-Appellee Andrew Hinesley (**Hinesley**) via indictment as follows:

---

[1]  The Honorable Glenn J. Kim presided.

Sexual Assault in the First Degree in violation of Hawaiʻi Revised Statutes (**HRS**) § 707-730(1)(b) (2014)[2] (**Counts 1-3**); Sexual Assault in the Third Degree in violation of HRS § 707-732(1)(b) (2014)[3] (**Counts 4-6**); Continuous Sexual Assault of a Minor Under the Age of Fourteen Years in violation of HRS § 707-733.6 (2014)[4] (**Continuous Sexual Assault**) (**Count 7**); Sexual

---

[2] HRS § 707-730 provides, in pertinent part:

> **§ 707-730  Sexual assault in the first degree.**  (1) A person commits the offense of sexual assault in the first degree if:
> ....
> > (b)  The person knowingly engages in sexual penetration with another person who is <u>less than fourteen years old</u>;
> > (c)  The person knowingly engages in sexual penetration with a person who is <u>at least fourteen years old</u> but less than sixteen years old; provided that:
> > > (i)  The person is not less than five years older than the minor; and
> > > (ii)  The person is not legally married to the minor[.]

(emphases added).

[3] HRS § 707-732 provides, in pertinent part:

> **§ 707-732  Sexual assault in the third degree.**  (1) A person commits the offense of sexual assault in the third degree if:
> ....
> > (b)  The person knowingly subjects to sexual contact another person who is <u>less than fourteen years old</u> or causes such a person to have sexual contact with the person;
> > (c)  The person knowingly engages in sexual contact with a person who is <u>at least fourteen years old</u> but less than sixteen years old or causes the minor to have sexual contact with the person; provided that:
> > > (i)  The person is not less than five years older than the minor; and
> > > (ii)  The person is not legally married to the minor[.]

(emphases added).

[4] HRS § 707-733.6 provides, in pertinent part:

> **§ 707-733.6  Continuous sexual assault of a minor under the age of fourteen years**.  (1) A person commits the offense of continuous sexual assault of a minor <u>under the age of fourteen years</u> if the person:

(continued...)

Assault in the First Degree in violation of HRS § 707-730(1)(c) (**Counts 8 & 9**); and Sexual Assault in the Third Degree in violation of HRS § 707-732(1)(c) (**Counts 10 & 11**).

On April 4, 2018, Hinesley filed a motion to dismiss Counts 1-6 of the indictment with prejudice, asserting prosecutorial misconduct due to the State charging Hinesley with both individual sexual assault offenses and a continuing course of conduct offense alleged to have been committed during the same time period, in violation of HRS § 707-733.6(3).  At a May 9, 2018 hearing on the motion to dismiss, the parties stipulated into evidence "Exhibit A," which consists of the grand jury transcript dated September 28, 2017.  The parties did not present any other evidence or witnesses.  The Circuit Court granted Hinesley's motion and dismissed Counts 1-6 with prejudice. Additionally, the Circuit Court *sua sponte* dismissed Counts 8-11 with prejudice, explaining at the hearing:

> Now, as to the remaining counts, 8 through 11, something very similar occurred.  Here, the prosecution again charged a range of time. Specifically, the eighteen days from September 7th, the complainant's fourteenth birthday, through September 25th, for all four counts.
>
> The evidence presented to the grand jury for this range of time consisted of the complainant's testimony that following her fourteenth birthday she "continued seeing the defendant."  The unmistakable

---

(...continued)

>     (a)    Either resides in the same home with a minor under the age of fourteen years or has recurring access to the minor; and
>     (b)    Engages in three or more acts of sexual penetration or sexual contact with the minor over a period of time, while the minor is under the age of fourteen years.
> ....
>     (3) <u>No other felony sex offense involving the same victim may be charged in the same proceeding with a charge under this section, unless the other charged offense occurred outside the period of the offense charged under this section, or the other offense is charged in the alternative.</u>  A defendant may be charged with only one count under this section, unless more than one victim is involved, in which case a separate count may be charged for each victim.

(emphases added).

implication being that the two of them continued all of the same sexual activity that they had already been engaging in, from her birthday on September 7th, all the way until "the last time that he picked her up" on September 24th.

She further alleges that specifically on September 24th there was again penis and finger in vagina, and hand and breast on -- and hand on breast and butt.  In other words, the specific acts charged in counts 8 through 11.

However, in addition to already testifying that they had continued to engage in sexual relations from September 7th up to September 24th, she also testifies that the next morning, on September 25th, they "had sex again in the morning."  In other words, during the eighteen day time period charged in counts 8 through 11, as with the earlier 43 day range of time, the grand jury was presented with testimony that alleged pretty much continuous sexual activity, and not simply the discrete sexual acts alleged on September 24th.

So, once again, in this Court's view, what the prosecution should have done was simply charged counts 8 through 11 as having occurred specifically on September 24th, which would have completely conformed to the evidence presented to the grand jury, and especially since there was no viable charge under which the prosecution could rope in all the additional allegations of generalized sexual activity, provided by the complainant for this eighteen day time period, since she had already turned fourteen.  The prosecution should simply not have elicited them from the complainant.

All right.  In summary, given the well settled principles of appropriate charging in this jurisdiction, together with the explicit mandates of the applicable statutes, in my view, and with all due respect, the flaws in charging counts 1 through 6, and counts 8 through 11, are manifest and major, and require dismissal of all these counts, on various grounds, including the simple fact that the grand jury was not even presented evidence upon which they could have found the requisite probable cause to support their return of an indictment for those individual counts, as they were presented by the prosecution.

Accordingly, the defense motion to dismiss is granted as to counts 1 through 6, and 8 through 11.

As to whether the dismissal should be with or without prejudice, I have explained in detail my reasoning, because I believe it's my job to do so. And that means that, among other things, I stated what I think was the proper way to charge these offenses, in conformity with the evidence presented, so that the parties can fully understand, if not necessarily agree with, my reasoning.

There is no question that all of the dismissed offenses are serious, especially of course the five class A felony sex offenses. And when you add the fact that the alleged victim is a child, it's hard to think of more serious allegations, short of homicide.

However, as I've already stated, I consider the instant charging flaws manifest, and frankly, pretty egregious.  And when you combine that with the fact that as part of my explanation I have explicitly told the prosecution how I think they should have proceeded, now to allow the prosecution a second bite at the apple would be grossly unfair to the defendant, to the point where it seems to me that to do so would be tantamount to a violation of his right to due process.

Accordingly, the dismissal of all these counts will be with prejudice.

(emphases added).

On May 25, 2018, the Circuit Court entered its findings of fact (**FOF**) and conclusions of law (**COL**) as follows, in relevant part:

FINDINGS OF FACT

9.     Counts 8-11 apply to the time period, between September 7, 2016 to and including September 25, 2016, for all four counts.

....

18.    As to counts 8-11, "[h]ere, the prosecution again charged a range of time, specifically the 18 days from September 7, 2016, the CW's 14th birthday, through September 25, 2016 - for all four counts.  The evidence presented to the grand jury for this range of time consisted of the CW's testimony that following her 14th birthday, she 'continue[d] seeing [the Defendant],' the unmistakable implication being that the two of them continued all of the same sexual activity that they had already been engaging in, from her birthday on September 7, 2016 all the way until 'the last time he picked [the CW] up,"' on September 24th, 2016....

19.    As to counts 8-11, " ... [t]he grand jury was presented with testimony that alleged pretty much continuous sexual activity, and not simply the discrete sexual acts alleged on September 24th, 2016."

....

CONCLUSIONS OF LAW

....

6.     In so doing, the Court ultimately found that, "... given the well-settled principles of

> appropriate charging in this jurisdiction, together with the explicit mandates of the applicable statutes, in my view and with all due respect, <u>the flaws in charging counts 1-6 and counts 8-11 are manifest and major</u>, and require dismissal of all those counts, on various grounds, including the simple fact that <u>the grand jury was not presented evidence upon which they could even have found the requisite probable cause to support their return of an indictment for those individual counts</u> as they were presented by the prosecution."....

> 7.   The Court expounded further by noting that, "I consider the instant charging flaws manifest and frankly pretty egregious ... I have explicitly told the prosecution how I think they should have proceeded, now to allow the prosecution a second bite at the apple would be grossly unfair to the defendant, to the point where it seems to me that to do so would be tantamount to a violation of his right to due process. **Accordingly, the dismissal of these counts [counts 1-6 and 8-11] will be with prejudice**."

(boldface in original, emphases added).

## II.  Discussion

### A.  The Circuit Court Did Not Abuse Its Discretion in *Sua Sponte* Dismissing Counts 8-11 of the Indictment

The State contends the Circuit Court's *sua sponte* dismissal of Counts 8-11 was based on an erroneous statutory interpretation.  Specifically, the State argues the offenses charged in Counts 8-11 are alleged to have occurred from September 7, 2016, to September 25, 2016, which is outside the period of the Continuous Sexual Assault offense charged in Count 7, which the State alleged to have occurred during a previous period when the complaining witness (**CW**) was under fourteen years of age, from July 25, 2016, to September 6, 2016.  The State thus contends it is not precluded from charging Hinesley with the offenses in Counts 8-11 under HRS § 707-733.6(3), which provides, in relevant part: "No other felony sex offense involving the same victim may be charged in the same proceeding with a charge under this section, <u>unless the other charged offense occurred outside the period</u> of the offense charged under this section." (emphasis added).  In this regard, however, it appears the State

6

misapprehends the Circuit Court's ruling, because the record does not reflect the Circuit Court dismissed Counts 8-11 based on HRS § 707-733.6(3).  Rather, it appears the Circuit Court *sua sponte* dismissed Counts 8-11 because of a lack of evidence presented to the grand jury to support the extended time frame in those charges.

The State also argues the Circuit Court erred in ruling it was improper to charge a "range of time" under Counts 8-11, noting the Circuit Court did not cite any authority.  Further, the State contends that Counts 8-11 are consistent with State v. Arceo, 84 Hawaiʻi 1, 13, 928 P.2d 843, 855 (1996), in which the Hawaiʻi Supreme Court stated:

> In general, the precise time and date of the commission of an offense is not regarded as a material element.  Accordingly, this court has long recognized that, in cases involving sexual abuse of minors, it is sufficient, in the indictment, to allege that the offense occurred over a particular time span.

(citations, quotation marks, brackets omitted).

A trial court's ruling on a motion to dismiss an indictment is reviewed for an abuse of discretion.  State v. Mendonca, 68 Haw. 280, 283, 711 P.2d 731, 734 (1985) (citing State v. Corpuz, 67 Haw. 438, 440, 690 P.2d 282, 284 (1984)).  We are mindful that dismissal of an indictment is required only in flagrant cases in which the grand jury has been overreached or deceived in some significant way.  State v. Wong, 97 Hawaiʻi 512, 526, 40 P.3d 914, 928 (2002) (citing Mendonca, 68 Haw. at 283, 711 P.2d at 734; State v. Pulawa, 62 Haw. 209, 215, 614 P.2d 373, 377 (1980)).

From our reading of the record, the Circuit Court dismissed charges of Sexual Assault 1 and Sexual Assault 3 in Counts 8-11 because the charges did not comport with the evidence presented to the grand jury.  For Counts 8-11, the State alleged the following:

> COUNT 8: On or about September 7, 2016, to and including September 25, 2016, in the City and County of Honolulu, State of Hawaiʻi, ANDREW HINESLEY, did knowingly engage in sexual penetration with P.W., who

7

was at least fourteen years old but less than sixteen years old, by <u>inserting his penis into her genital opening</u> and ANDREW HINESLEY was not less than five years older than P.W. and was not legally married to her, thereby committing the offense of Sexual Assault in the First Degree in violation of Section 707-730(1)(c) of the Hawaiʻi Revised Statutes....

<u>COUNT 9</u>: <u>On or about September 7, 2016, to and including September 25, 2016</u>, in the City and County of Honolulu, State of Hawaiʻi, ANDREW HINESLEY, did knowingly engage in sexual penetration with P.W., who was at least fourteen years old but less than sixteen years old, by <u>inserting his finger into her genital opening</u> and ANDREW HINESLEY was not less than five years older than P.W. and was not legally married to her, thereby committing the offense of Sexual Assault in the First Degree in violation of Section 707-730(1)(c) of the Hawaiʻi Revised Statutes....

<u>COUNT 10</u>: <u>On or about September 7, 2016, to and including September 25, 2016</u>, in the City and County of Honolulu, State of Hawaiʻi, ANDREW HINESLEY, did knowingly engage in sexual penetration with P.W., who was at least fourteen years old but less than sixteen years old, by <u>placing his hand on her breast</u>, and ANDREW HINESLEY was not less than five years older than P.W. and was not legally married to her, thereby committing the offense of Sexual Assault in the First Degree in violation of Section 707-732(1)(c) of the Hawaiʻi Revised Statutes....

<u>COUNT 11</u>: <u>On or about September 7, 2016, to and including September 25, 2016</u>, in the City and County of Honolulu, State of Hawaiʻi, ANDREW HINESLEY, did knowingly engage in sexual penetration with P.W., who was at least fourteen years old but less than sixteen years old, by <u>placing his hand on her buttock</u>, and ANDREW HINESLEY was not less than five years older than P.W. and was not legally married to her, thereby committing the offense of Sexual Assault in the First Degree in violation of Section 707-732(1)(c) of the Hawaiʻi Revised Statutes....

(emphases added).

The Hawaiʻi Supreme Court has expressed that:

> A grand jury indictment must be based on probable cause.  "Probable cause" has been defined as a state of facts as would lead a person of ordinary caution or prudence to believe and conscientiously entertain a strong suspicion of the guilt of the accused. Furthermore, in order to support an indictment, the prosecution must provide evidence of each essential element of the charged offense to the grand jury.  If no evidence is produced as to a material element of the offense, a person of ordinary caution and prudence could not have a strong suspicion that the defendant is guilty of the charged crime.

State v. Taylor, 126 Hawaiʻi 205, 218, 269 P.3d 740, 753 (2011) (citations, quotation marks, brackets omitted).

During the grand jury proceedings, the CW gave general testimony from which it could be inferred, as the Circuit Court found, that "pretty much continuous sexual activity" occurred between the CW and Hinesley after the CW turned 14 years old, but the CW also testified about discrete sexual acts on September 24, 2016, and the following day:

> Q  <u>Did you continue seeing him</u> when you were 14? Af --
>
> A  Yes.
>
> Q  <u>After you turned 14 years of age?</u>
>
> A  <u>Yes.</u>
>
> Q  Did you turn 14 on September 7, 2016?
>
> A  Yes.
>
> Q  Did the last time that he picked you up, was that on <u>September 24, 2016</u>?
>
> A  Yes.
>
> Q  What happened on that last day that he picked you up?
>
> A  He took me to his apartment and we had sex.
>
> Q  Okay.  Again, when you say that you had sex, can you explain what you mean by that?
>
> A  He put his penis inside my vagina.
>
> Q  Did he touch you anywhere on your body?
>
> A  His hands on my breasts, my butt, and my thighs.
>
> Q  And did he insert his fingers anywhere?
>
> A  Yes.
>
> Q  Where did he do so?
>
> A  My vagina.
>
> ....
>
> Q  <u>And what happened after you stayed at his home overnight?</u>
>
> A  <u>We had sex again in the morning.</u>

Based on the foregoing, the Circuit Court found in FOF 18:

> As to counts 8-11, "[h]ere, the prosecution again charged a range of time, specifically the 18 days from September 7, 2016, the CW's 14th birthday, through September 25, 2016 - for all four counts.  The evidence presented to the grand jury for this range of time consisted of the CW's testimony that following her 14th birthday, she 'continue[d] seeing [the Defendant],' the unmistakable implication being that the two of them continued all of the same sexual activity that they had already been engaging in, from her birthday on September 7, 2016 all the way until 'the last time he picked [the CW] up,'" on September 24th, 2016.

(emphases added).  What the prosecution should have done, according to the Circuit Court,

> ... was simply charge[] counts 8 through 11 as having occurred specifically on September 24th, which would have completely conformed to the evidence presented to the grand jury, and especially since there was no viable charge under which the prosecution could rope in all the additional allegations of generalized sexual activity, provided by the complainant for this eighteen day time period, since she had already turned fourteen.  The prosecution should simply not have elicited them from the complainant.

(emphases added).  Given the record, particularly the lack of evidence presented to the grand jury about any incidents other than on September 24, 2016, and September 25, 2016, we conclude the Circuit Court did not abuse its discretion in dismissing Counts 8-11.

In each of the counts in Counts 8-11, the State alleges a discrete sexual act during a period of eighteen days.  We agree with the Circuit Court that given the testimony presented to it, the grand jury would not have been able to find probable cause and return the indictment for these alleged sexual acts, other than on either September 24, 2016, or September 25, 2016.  "An indictment must enable a grand jury to determine that probable cause exists that the accused committed a violation of the charged offense both as to the elements of the offense and the concomitant culpable state of mind."  State v. Stan's Contracting, Inc., 111 Hawaiʻi 17, 31–32, 137 P.3d 331, 345–46 (2006).

10

We conclude that <u>Arceo</u> is distinguishable given the CW's specific testimony to the grand jury in this case about sexual offenses occurring on specific dates.  In <u>Arceo</u>, the Hawaiʻi Supreme Court stated that "sexual assault in the first degree, in violation of HRS § 707-730(1)(b), and sexual assault in the third degree, in violation of HRS § 707-732(1)(b), are not — and cannot be — "continuing offenses" and [] <u>each distinct act in violation of these statutes constitutes a separate offense under the HPC</u>."  84 Hawaiʻi at 21, 928 P.2d at 863 (emphasis added, footnote omitted).  Similarly here, with regard to the charges in Counts 8-11 under HRS § 707-730(1)(c) and HRS § 707-732(1)(c), each distinct act in violation of the statutes constituted a separate offense, and here CW testified before the grand jury about specific events on specific dates.

Given the record in this case, the Circuit Court did not abuse its discretion in dismissing Counts 8-11 on the basis that the evidence presented to the grand jury did not support probable cause for the charges during the range of time set forth therein.

## B.  The Circuit Court Did Not Sufficiently Address Why Dismissal with Prejudice Was Warranted

The State also contends that, assuming dismissal of Counts 8-11 was appropriate, the Circuit Court erred in dismissing those counts with prejudice.  In this regard, we agree with the State, to the extent the trial court's stated reasons do not allow us to "accurately assess whether the trial court duly exercised its discretion."  <u>State v. Mageo</u>, 78 Hawaiʻi 33, 38, 889 P.2d 1092, 1096 (App. 1995) (citing <u>State v. Moriwake</u>, 65 Haw. 47, 57 n.16, 642 P.2d 705, 713 n.16 (1982)).

We have recognized the trial court's power to dismiss *sua sponte* an indictment with prejudice:

> Trial courts have the power to dismiss sua sponte an indictment with prejudice and over the objection of the prosecuting attorney within the bounds of duly exercised discretion.  The parameters within which this discretion is properly exercised requires a balancing of the interest of the state against fundamental fairness to a defendant with the added

11

> ingredient of the orderly functioning of the court
> system.

Maqeo, 78 Hawai'i at 37, 889 P.2d at 1096 (quoting Moriwake, 65 Haw. at 56, 647 P.2d at 712 (brackets, internal quotation marks, and citation omitted)).  However,

> a judge's inherent power to dismiss an indictment is not generally so broad as to dismiss an indictment with prejudice before trial <u>unless the State's misconduct represents a serious threat to the integrity of the judicial process or there is a clear denial of due process, a violation of some constitutional right, is an arbitrary action, or is the result of some other governmental misconduct</u>.

Wong, 97 Hawai'i at 527, 40 P.3d at 929 (citing State v. Alvey, 67 Haw. 49, 57-58, 678 P.2d 5, 10 (1984)) (emphasis added).  The Hawai'i Supreme Court has cautioned that:

> a trial court's inherent power to dismiss an indictment is not a broad power and that trial courts must recognize and weigh the State's interest in prosecuting crime against fundamental fairness to the defendant ... [and] made clear that, even if "there are serious questions" about a material element of a crime, it is not within the trial court's discretion to usurp the function of the trier of fact before trial.

Id. (quoting State v. Lincoln, 72 Haw. 480, 491, 825 P.2d 64, 70-71 (1992)).  At the same time,

> [w]e are cognizant of the State's strong interest in prosecuting crime, but we are equally cognizant that the State's duty is to pursue justice, not convictions, and the prosecutor has a duty to act as a minister of justice to pursue prosecutions by fair means.

Wong, 97 Hawai'i at 527, 40 P.3d at 929.

In Maqeo, we affirmed a District Court's grant of a motion to dismiss an indictment with prejudice because service of penal summonses was unreasonably delayed.  Id. at 33, 889 P.2d at 1092.  In Moriwake, the Hawai'i Supreme Court affirmed the trial court's dismissal of an indictment with prejudice for manslaughter following two hung jury mistrials.[5]  Id. at 48, 647

---

[5]  The Hawai'i Supreme Court in Moriwake set forth the following factors which the trial court should consider in exercising its inherent power to dismiss a criminal case with prejudice after mistrial:

(continued...)

P.2d at 708.  The factual circumstances in Mageo and Moriwake are not the same as this case.  Nonetheless, the proposition that the trial court has inherent power to dismiss a criminal indictment with prejudice, and that it must do so while "balancing [] the interest of the state against fundamental fairness to a defendant with the added ingredient of the orderly functioning of the court system," is applicable here.  Mageo, 78 Hawaiʻi at 37, 889 P.2d at 1096.  In Mageo, given the District Court's scant ruling that alluded to its concern with avoiding unjustified delay, we advised:

> In the future, trial courts exercising this power should issue written factual findings setting forth their reasons for dismissal with prejudice so that a reviewing court may accurately assess whether the trial court duly exercised its discretion.

Id. at 38, 889 P.2d at 1097 (citation omitted).  Likewise, the Hawaiʻi Supreme Court has noted that:

> [b]ecause of the nature of criminal proceedings, and because they are in the interests and for the protection of the public, there is a sound basis in public policy for requiring the judge who assumes the serious responsibility of dismissing a case to set forth his reasons for doing so in order that all may know what invokes the court's discretion and whether its action is justified.

Moriwake, 65 Haw. at 57 n.16, 647 P.2d 705, 713 n.16 (citation omitted)).

Here, the Circuit Court set forth written findings as to why the charges were flawed, and at the hearing noted that the offenses involved are serious and involve a child, but the

---

(...continued)

> (1) the severity of the offense charged; (2) the number of prior mistrials and the circumstances of the jury deliberation therein, so far as is known; (3) the character of prior trials in terms of length, complexity and similarity of evidence presented; (4) the likelihood of any substantial difference in a subsequent trial, if allowed; (5) the trial court's own evaluation of relative case strength; and (6) the professional conduct and diligence of respective counsel, particularly that of the prosecuting attorney.

Id. at 56, 647 P.2d at 712-13.

Circuit Court's explanation (both at the hearing and in its written findings) for dismissing Counts 8-11 *with prejudice* was only as follows:[6]

> "I consider the instant charging flaws manifest and frankly pretty egregious ... I have explicitly told the prosecution how I think they should have proceeded, now to allow the prosecution a second bite at the apple would be grossly unfair to the defendant, to the point where it seems to me that to do so would be tantamount to a violation of his right to due process.  **Accordingly, the dismissal of these counts [counts 1-6 and 8-11] will be with prejudice.**"

(emphasis in original).  Given this record, we conclude there are insufficient findings in the record to determine whether the Circuit Court properly exercised its discretion under Wong, Mageo, and Moriwake to dismiss Counts 8-11 with prejudice.  The Circuit Court provides no clear reason or legal authority for its finding that the State's conduct was "egregious" or for its view that, having explained the charging flaws to the State, it would be grossly unfair to Hinesley and violate his due process rights to dismiss Counts 8-11 without prejudice.  Further, there are no written findings balancing the interests of the State in prosecuting crime, including assessing the strength or weakness of the case as to Counts 8-11, or addressing the orderly functioning of the court system.

Therefore, we remand for further proceedings on the issue of whether Counts 8-11 should be dismissed with or without prejudice.

### III.  Conclusion

Based on the foregoing, the "Findings of Fact, Conclusions of Law and Order Granting Dismissal with Prejudice

---

[6]  In his motion to dismiss indictment, Hinesley asserted the following factors to justify dismissing counts 1-6 with prejudice: (1) the prosecutor's state of mind; (2) other prosecutorial misconduct because the CW had sex with as many as eight men, but only two were charged; (3) the CW does not want to prosecute and purportedly feels guilty because she initiated contact with multiple other men for sex and thus was not a "child" as contemplated by the Legislature in enacting the pertinent statutory offenses; (4) the impact of recharging the case; and (5) Hinesley's loss of remedies.  Hinesley's motion did not seek dismissal as to Counts 8-11, which were dismissed *sua sponte* by the Circuit Court.

Counts 1–6 and 8–11 of Indictment" entered on May 25, 2018, by the Circuit Court of the First Circuit, is affirmed as to the dismissal of Counts 8-11.  However, we vacate the dismissal of Counts 8-11 *with prejudice* and remand the case to the Circuit Court to further address whether to dismiss with or without prejudice and to enter appropriate findings on this issue.

DATED:  Honolulu, Hawaiʻi, July 22, 2021.


On the briefs:                    /s/ Lisa M. Ginoza
                                  Chief Judge

Stephen K. Tsushima,
Deputy Prosecuting Attorney,      /s/ Katherine G. Leonard
for Plaintiff-Appellant.          Associate Judge

Jon N. Ikenaga,                   /s/ Karen T. Nakasone
Deputy Public Defender,           Associate Judge
For Defendant-Appellee.