**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000875
28-JUN-2022
07:47 AM
Dkt. 91 SO**

NO. CAAP-18-0000875

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, Plaintiff-Appellant, v.
RAFAEL ARROYO, Defendant-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO. 2CPC-17-0000527)


SUMMARY DISPOSITION ORDER
(By: Ginoza, C.J., and Wadsworth and Nakasone, JJ.)

Plaintiff-Appellant State of Hawaiʻi (**State**) appeals from the "Court's Findings of Fact, Conclusions of Law and Order Granting [Defendant-Appellee Rafael Arroyo's (**Arroyo**)] Supplemental Motion to Dismiss Indictment" (**FOF/COL/Order**), entered on October 11, 2018, by the Circuit Court of the Second Circuit (**Circuit Court**).[1/]  Pursuant to the FOF/COL/Order, the Circuit Court dismissed the three-count indictment against Arroyo because the indictment contained a "*made[-]up* date" for the events at issue, and because impermissible and incompetent hearsay evidence presented to the grand jury may have improperly influenced grand jurors.  As to Count 2, for Burglary in the First Degree in violation of HRS § 708-810(1)(c) (2014) **(Burglary One**), the court concluded that Arroyo suffered prejudice as a result of the deputy prosecuting attorney's (**DPA**) circumvention of a prior court order and/or instruction.  Accordingly, the Circuit Court dismissed Count 2 with prejudice and dismissed Count 1, for Kidnapping in violation of HRS § 707-720(1)(d) and/

_____

[1/]    The Honorable Peter T. Cahill presided.

or (e) (2014), and Count 3, for Terroristic Threatening in the First Degree in violation of HRS § 707-716(1)(e) (2014), without prejudice.

On appeal, the State contends that the Circuit Court erred in dismissing: (1) the indictment, "based on the date of offenses charged"; and (2) the Burglary One charge, "based on the testimony of the prosecution's investigator." (Formatting altered.)

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve the State's contentions as follows and affirm.

(1) The State first contends that the Circuit Court erred in dismissing the indictment "based on the date of offenses charged." The State asserts that "[t]his error is reflected in [FOF] 17 and [COLs] 5, 8, and 9."

FOFs 16 and 17 state:

> 16. The State conceded that "March 15, 2015" is a made-up date for purposes of the allegations herein.

> 17. By making up said date, the [DPA] has effectively prevented . . . Arroyo from asserting any legitimate alibi defense under the circumstances, as well as other possible date-related defenses.

COLs 5, 8, and 9 state:

> 5. Relative to the Grand Jury proceedings on or about July 24, 2017, [the DPA] concedes, and the Court concludes that the Indictment contains a *made up* date which is not supported by the testimony and/or evidence at the grand jury proceeding. The Court further concludes as a matter of law that this fabrication was made despite, and notwithstanding prior cautions from the Court, [regarding] the issue of the date(s) of these alleged offenses.

> . . . .

> 8. Based on the totality of circumstances and the cumulative effect of the [DPA's] presentation of improper or incompetent evidence at the Grand Jury proceeding of July 24, 2017, the Court concludes as a matter of law that Count 2 shall be dismissed WITH PREJUDICE.

> 9. Based on the totality of circumstances and the cumulative effect of the [DPA's] presentation of improper and/or incompetent evidence at the Grand Jury proceeding of July 24, 2017, the Court HEREBY DISMISSES Counts l & 3 herein WITHOUT PREJUDICE.

"A trial court's ruling on a motion to dismiss an indictment is reviewed for an abuse of discretion." State v. Mendonca, 68 Haw. 280, 283, 711 P.2d 731, 734 (1985) (citing State v. Corpuz, 67 Haw. 438, 440, 690 P.2d 282, 284 (1984)). At the same time, "[w]e are mindful that dismissal of an indictment is required only in flagrant cases in which the grand jury has been overreached or deceived in some significant way." State v. Wong, 97 Hawaiʻi 512, 526, 40 P.3d 914, 928 (2002) (citing Mendonca, 68 Haw. at 283, 711 P.2d at 734; State v. Pulawa, 62 Haw. 209, 215, 614 P.2d 373, 377 (1980)).

The State acknowledged below that the date of the events alleged in the indictment, "March 15, 2015, is a made up date; it is an estimate." On appeal, the State explains that the "'made-up date' [was] used in response to the prior dismissal of the charges by the trial court when the date of the offenses was charged as a range of dates." The State also acknowledges that the complaining witness (**CW**) "did not specifically testify that the incident occurred on March 15, 2015." The State argues, however, that "when placed in context of CW's acknowledgment that the incident occurred some time in mid-March, the date of the offenses charged as 'on or about the 15th day of March, 2015' was not a misrepresentation." In support of its argument, the State points out that the date of the three charged offenses is not a material element of those offenses.

The State is correct that "[i]n general, the precise time and date of the commission of an offense is not regarded as a material element." State v. Arceo, 84 Hawaiʻi 1, 13, 928 P.2d 843, 855 (1996). However, neither Arceo nor subsequent cases construing Arceo involved a date designated in an indictment which the State subsequently described as a "made up date." See, e.g., State v. Kealoha, 95 Hawaiʻi 365, 379, 22 P.3d 1012, 1026 (App. 2000) (ruling that the circuit court was not wrong in denying the defendant's motion for acquittal where "[t]he instant indictment designated 'on or about June 13, 1998' as the time span during which manufacturing occurred [and] [the co-defendant's] observations for three weeks prior to the search warrant execution, if believed, were sufficient to prove [the]

[d]efendant was engaged in manufacturing methamphetamine on or about June 13, 1998").

Here, the Circuit Court did not base the dismissal of the indictment on the State's failure to allege the precise date of the alleged offenses. Instead, as reflected in COL 5, the Circuit Court based the dismissal in part on the DPA's concession, and the court's conclusion, that "the Indictment contains a *made up* date which is not supported by the testimony and/or evidence at the grand jury proceeding." The court further concluded that "this fabrication was made despite, and notwithstanding prior cautions from the Court, [regarding] the issue of the date(s) of these alleged offenses." The State alleges error with respect to FOF 17 and COLs 5, 8, and 9, but does not present any specific argument as to why the challenged FOF is clearly erroneous or the COLs are wrong. See Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28(b)(7) ("Points not argued may be deemed waived."). The State's argument that the date is not a material element of the charged offenses sidesteps the court's conclusions that the "made up date" was not supported by the evidence at the grand jury proceeding and was alleged despite prior cautions from the court.

The Hawaiʻi Supreme Court has explained that "[t]he circuit court has supervisory power over grand jury proceedings to insure the integrity of the grand jury process and the proper administration of justice." Wong, 97 Hawaiʻi at 523, 40 P.3d at 925 (citing In re Moe, 62 Haw. 613, 616, 617 P.2d 1222, 1224 (1980)); see also State v. Joao, 53 Haw. 226, 230, 491 P.2d 1089, 1092 (1971) ("Where a defendant's substantial constitutional right to a fair and impartial grand jury proceeding is prejudiced, a quashing of the indictment emanating therefrom is an appropriate remedy."). On this record, we conclude that the Circuit Court did not abuse its discretion in dismissing the indictment based in part on the fact that it contained a "made-up date" for the events at issue. We further conclude that FOF 17 is not clearly erroneous and COLS 5, 8, and 9 are not wrong.

(2) The State next contends that the Circuit Court erred in dismissing the Burglary One charge based on the

4

testimony of the prosecution's investigator.  The State asserts that "[t]his error is reflected in FOF[s] 19, 20, 21, and 22, and COL[s] 6, 7, and 8."

FOFs 18 through 22 state:

> 18.  Also at the grand jury proceeding on the matter, the [DPA] presented one other witness to support the Indictment . . ., Office of the Prosecuting Attorney Investigator David Olsten [(**Olsten**)], who testified substantively about a court order allegedly prohibiting . . . Arroyo from a particular property.
>
> 19.  Investigator Olsten based his testimony on his purported reading of court minutes.
>
> 20.  In the instant case, the Court finds Olsten incompetent to have testified to the contents of a court order; that court minutes cannot substitute for a court order pertaining to bail; that Olsten's testimony unfairly prejudiced [Arroyo] by misleading Grand Jurors that they could base their findings on court minutes; that the dismissal of the prior case did not allow the State to ignore the Court's direction to the parties to meet and confer concerning the Court taking judicial notice of the matter.
>
> 21.  Given the Court's particular attention to this issue even prior to trial and re-indictment in these matters, the Court finds that, as it relates to Count 2 (Burglary [One]), [Arroyo] suffered prejudice by the [DPA]'s failure to meet and confer with defense counsel as ordered by the Court on or about September 15, 2016.
>
> 22.  The prejudice arises because by using the Grand Jury to find probable cause and to return an Indictment, the State chose a method that by its very nature avoided Court oversight on an issue that had already been reviewed and discussed.

COLs 6 through 8 state:

> 6.  Further relative to the Grand Jury proceedings on or about July 24, 2017, the Court concludes as a matter of law that [the DPA] presented impermissible and incompetent hearsay evidence through the testimony of Investigator . . . Olsten.  The Court concludes that the improper testimony may have improperly influenced grand jurors, and in the context of the record as a whole, (including the proceedings in 2PC15-10000379) the process was unfair and a denial of [Arroyo]'s due process rights.
>
> 7.  The Court further concludes, relative to Count 2 (Burglary [One]), that [Arroyo] suffered *prejudice* by the [DPA]'s July 24, 2017 circumvention of this Court's Order and/or instruction to confer with defense counsel, and to *not* present evidence of any Court-ordered stay away orders as the basis for a Burglary charge.  The Court's instruction, albeit not an order, nonetheless created a duty upon the State and [Arroyo] to confer on a critical evidentiary issue, but presentation of the case before the Grand Jury allowed the State to proceed in secret thereby depriving [Arroyo] of the right to be heard on an issue the Court had already ruled upon, i.e. the order for the parties to "meet and confer."

5

8. Based on the totality of circumstances and the cumulative effect of the [DPA's] presentation of improper or incompetent evidence at the Grand Jury proceeding of July 24, 2017, the Court concludes as a matter of law that Count 2 shall be dismissed WITH PREJUDICE.

The State argues that Olsten's testimony was "competent hearsay allowable as evidence at the grand jury hearing[,]" but that even without Olsten's testimony, there was "sufficient legal and competent evidence for the Grand Jury to find probable cause for Burglary [One]." The State also argues that the Circuit Court erred in dismissing Count 2 with prejudice "based on the State re-indicting Arroyo without first having a 'meet and confer' with the Defense to formulate a stipulated judicial notice of the stay-away order."

The State does not indicate where in the record it raised these issues or otherwise brought them to the attention of the Circuit Court. See HRAP Rule 28(b)(4). Based on our review of the record, it appears that the State did not present these arguments to the Circuit Court: (1) in response to Arroyo's initial or supplemental motions to dismiss the indictment; (2) during or after the June 19, 2018 hearing in which the Circuit Court stated that Olsten was not competent to testify about the stay-away order,[2] indicated that the court would grant Arroyo's motion to dismiss, and invited the parties to brief the issue of whether the dismissal should be with or without prejudice; or (3) in response to Arroyo's June 27, 2018 memorandum in support of dismissal with prejudice. The State's arguments are thus deemed waived. See State v. McDonnell, 141 Hawaiʻi 280, 295, 409 P.3d 684, 699 (2017) ("Generally, if a party does not raise an argument at trial, that argument is deemed waived on appeal." (citing State v. Moses, 102 Hawaiʻi 449, 456, 77 P.3d 940, 947 (2003)); State v. Harada, 98 Hawaiʻi 18, 30, 41 P.3d 174, 186 (2002) (concluding that the prosecution failed to preserve its exigent circumstances claim and thus waived it).

---

[2] The Circuit Court elaborated that Olsten "is simply an investigator who looks at court minutes." Additionally, after the DPA explained why he did not submit to the grand jury two orders pertaining to bail, which contained the stay-away order, the court stated: "I understand the difficulty of it, but we have already been through this in the trial, number one, where I already had concerns about it . . . ."

Even if the above arguments had not been waived, the Circuit Court did not dismiss Count 2 based solely on the testimony of the prosecution's investigator. Count 2 was also dismissed based on the "made-up date" in the indictment. In addition, the Circuit Court determined in COL 7 that Arroyo had suffered prejudice resulting from the State's "circumvention of this Court's Order and/or instruction to confer with defense counsel, and to *not* present evidence of any Court-ordered stay away orders as the basis for a Burglary charge." Prior to the July 24, 2017 indictment, the Circuit Court had provided specific instructions concerning the stay away orders, as reflected in FOFs 5 and 6.[3/] Thus, as the Circuit Court stated in FOF 22, by

---

[3/]    FOFs 1 through 15, which are unchallenged on appeal and thus binding on the parties and this court, see State v. Rodrigues, 145 Hawai'i 487, 494, 454 P.3d 428, 435 (2019), state:

> 1.   On or about May 31, 2015, [Arroyo] was arrested for the matters forming the factual basis for the instant case.
>
> 2.   The State charged [Arroyo] with the instant allegations by way of Felony Information and Non-Felony Complaint (filed on or about June 3, 2015), initially averred within counts 7 through 10 in 2PC15-10000379.
>
> 3.   On September 15, 2016, based on a Motion brought by [Arroyo], the Court ordered the dismissal of Counts 7, (Burglary in the 1st Degree allegedly occurring sometime in mid-March, 2015), and Count 9 (Assault in the 3rd Degree allegedly occurring sometime in mid-March, 2015), in 2PC15-1000379.
>
> 4.   On September 15, 2016, the Court also granted a pretrial Motion to Sever Counts 8, (Unlawful Imprisonment in the 1st Degree allegedly occurring sometime in mid-March, 2015), and Count 10, (Interference with Reporting an Emergency or Crime allegedly occurring sometime in mid-March, 2015).
>
> 5.   On September 15, 2016, after granting [Arroyo]'s Motions to Dismiss Counts 7 and 9, as well as to Sever Counts 8 and 10, the Court specifically ordered counsels to work together on formulating the wording to be used on any Judicial Notice to be taken relative to the Burglary charges at issue, (i.e., to include Count 7)[.]
>
> 6.   Also during the course of pretrial procedures in 2PC15-1000379, the Court specifically concluded and instructed the parties accordingly, that the basis for any "unlawful entry" relative to any Burglary charges would *not* be any Court-ordered stay away orders.
>
> 7.   On June 7th, 2017, the jury returned Guilty verdicts on the remaining 2 two (Burglary) counts which

(continued...)

ignoring the court's instructions, "the State chose a method that by its very nature avoided Court oversight on an issue that had already been reviewed and discussed."  And as stated in COL 7, Arroyo was "thereby depriv[ed] . . . of the right to be heard on an issue the Court had already ruled upon, i.e. the order for the parties to 'meet and confer.'"  See also COL 6 (concluding that "in the context of the record as a whole, (including the proceedings in [case no.] 2PC15-10000379[4/]) the process was unfair and a denial of [Arroyo's] due process rights" (footnote added)).  The State does not directly dispute the Circuit Court's findings

---

[3/] (...continued)
proceeded to trial.

> 8.  On June 21, 2017, weeks after the verdict in the remaining Counts after trial, a Motion to Dismiss Counts 8 & 10 was filed by the state, and subsequently granted by the Court.
>
> 9.  No written Order dismissing Counts 7 & 9 appears in the record.
>
> 10. The record is uncertain and perhaps inaccurate based on either the non-filing or anachronistic filing of Orders by the parties.
>
> 11. On July 24, 2017, [the DPA] presented evidence for the Grand Jury that then re-indicted . . . Arroyo on what was originally Counts 7 through 10 in 2PC-1000379.
>
> 12. The originally charged Counts 7-10 in the re-indictment became re-indicted as Counts 1 through 3 in 2CPC17-0000527.
>
> 13. Most notably, what was originally averred as Count 8 (Unlawful Imprisonment) was recharged as Count 1 in 2CPC-17-0000527, Kidnapping in the 1st Degree.
>
> 14. At the Grand Jury proceeding on the matter, the [DPA] asked a leading question relative to the date of the alleged incident from its sole witness on the issue:
>
>> (Q): *Some time in mid-March 2015*, at about 10 pm, did [Arroyo] appear at your front door? (Emphasis added.)
>>
>> (A)   Yes.
>
> 15. Based on this testimony, the Grand Jury was presented with, and returned an Indictment alleging the events at issue to have occurred on, or about, March 15, 2015.

(Bold typeface omitted.)

[4/]     See supra note 3; see also State v. Arroyo, No. CAAP-19-0000122, 2021 WL 3264458, at *1 (Haw. App. July 30, 2021) (summarizing procedural history of case no. 2PC15-1-000379).

and conclusions that Arroyo suffered prejudice as a result of the State's circumvention of the court's instructions.

On this record, we cannot conclude that the Circuit Court abused its discretion in dismissing Count 2 with prejudice. See Wong, 97 Hawaiʻi at 527, 40 P.3d at 929. We further conclude that FOFs 19 through 22 are not clearly erroneous and COLs 6 through 8 are not wrong.

For the reasons discussed above, we affirm the "Court's Findings of Fact, Conclusions of Law and Order Granting Defendant's Supplemental Motion to Dismiss Indictment," entered on October 11, 2018, by the Circuit Court of the Second Circuit.

DATED: Honolulu, Hawaiʻi, June 28, 2022.


On the briefs:

Renee Ishikawa Delizo,
Deputy Prosecuting Attorney,
County of Maui,
for Plaintiff-Appellant.

John F. Parker,
for Defendant-Appellee.

/s/ Lisa M. Ginoza
Chief Judge


/s/ Clyde J. Wadsworth
Associate Judge


/s/ Karen T. Nakasone
Associate Judge