STATE OF HAWAII, Plaintiff-Appellee, v. PEDRO KAMELO, Defendant-Appellant

NO. 5842

JULY 8, 1977

RICHARDSON, C.J., KOBAYASHI, OGATA, MENOR AND KIDWELL, JJ.

*Per Curiam.* The defendant was convicted and sentenced for the offense of unlawfully having in his possession a firearm, in violation of HRS § 134-6 (Supp. 1975). The defendant appeals.

On the night of January 12, 1975, three police officers responded to a telephone call from an unidentified caller informing the police that an unknown male was sleeping in

the parking lot of the Pacific Country Club, located on private grounds at 1451 Queen Emma Street in Honolulu.

The defendant's vehicle, a 1964 Chrysler automobile, was parked on the premises of the club. Upon reaching the vehicle, one of the officers focused the beam of his flashlight into the interior of the automobile. The defendant was seen lying on the back seat with a .30 caliber carbine, a .30 caliber clip, and 10 rounds of .30 caliber ammunition resting on some clothing closeby and in plain view. The officer asked the defendant to open the door, and as he responded the defendant placed his hand upon the butt of the carbine. The arrest, however, was accomplished without any difficulty. The firearm was found to be loaded.

The defendant was subsequently charged under the provisions of HRS § 134-6 (Supp. 1975):

> Except as provided in sections 134-5 and 134-9, *the possession of all firearms and ammunition shall be confined to the possessor's place of business, residence, or sojourn,* but it shall be lawful to carry firearms or ammunition, or both, in a wrapper or other suitable container from the place of purchase to the purchaser's home, place of business, or place of sojourn, or between these places upon change of place of business, abode, or sojourn, or between these places and a place of repair or a target range.
>
> *It shall be unlawful for any person to have in his possession or to carry on any public highway any firearm loaded with ammunition;* provided that the provisions of this paragraph shall not apply to any person who has in his possession or carries a pistol or revolver and ammunition therefor in accordance with a license or permit issued, as provided in section 134-9.
>
> Any person who violates *any provision* of this section shall be fined not more than $1,000 or imprisoned not more than one year, or both. (Emphasis added)

The defendant argues that at the time of his arrest he was not "on any public highway, but was in fact on private property," so that he could not have violated the statute under which he was charged. We disagree.

To begin with, the defendant was not charged specifically with having in his possession or carrying a loaded firearm "on any public highway." He was charged in district court as follows:

You are hereby charged that in the City and County of Honolulu, State of Hawaii, on or about January 12, 1975, *you did unlawfully have in your possession* a firearm to wit: a .30 caliber carbine which was loaded with ammunition thereby in violation of Section 134-6 of the Hawaii Revised Statutes. (Emphasis added)

There are two basic types of conduct proscribed by the statute: (1) the possession or the carrying of firearms outside of the possessor's place of business, residence, or sojourn, except as provided by the statute, and (2) the possession or carrying of loaded firearms on a public highway,[1] except as provided by law.

The parking lot in question can hardly be said to have been the place of business, residence, or sojourn of the defendant. Neither was it a target range or a place of repair. The evidence shows that it was not. The defendant was properly charged and convicted of the offense of possession of a firearm and ammunition outside the locations permitted by the statute.

Affirmed.

*Donna M. Woo*, Deputy Public Defender *(Richard C. F. Chun*, Deputy Public Defender with her on the brief) for defendant-appellant.

*Kendall Wong*, Deputy Prosecuting Attorney *(Michael W. Gibson*, Deputy Prosecuting Attorney, on the brief) for plaintiff-appellee.

---

[1] The statute permits firearms and ammunition legally possessed to be transported between strictly defined destinations. While in transit on a public highway between these points, the firearm may not, under any circumstances, be in a loaded condition.