STATE OF HAWAII, Plaintiff-Appellant, *v.* RICARDO S. RABAGO, Defendant-Appellee

NO. 9186

(CRIMINAL NO. 58004)

AUGUST 28, 1984

LUM, C.J., NAKAMURA, PADGETT,
HAYASHI AND WAKATSUKI, JJ.

*Per Curiam.* This is an appeal by the State of Hawaii following the dismissal of Count II of its complaint, Carrying a Firearm on Person Without Permit or License, Hawaii Revised Statutes (HRS) § 134-9. The lower court reasoned that § 134-9 is not violated in

situations such as this where the situs of the alleged crime is the defendant's residence. We affirm the dismissal.

On October 10, 1982, a group of people gathered at the home of Ricardo S. Rabago (Rabago). Part of the group was drinking wine and playing cards in the dining room when, at about 7:00 p.m., a heated argument broke out between Rabago and Ricardo Pascual. Rabago stormed out of the house and headed towards the garage with his wife and others in pursuit. Rabago entered the garage, grabbed a gun that was neither registered nor licensed in his name, and attempted to return to the house. A struggle ensued between Rabago and his wife for possession of the gun, and the gun discharged shooting a child in the hand, who had been playing in the garage.

Rabago was charged with Reckless Endangering in the First Degree, HRS § 707-713, and Carrying a Firearm on Person Without Permit or License, HRS § 134-9.

Rabago moved to dismiss the latter count, Count II, on the ground that the incident occurred solely within his residence. The trial court granted the motion, without prejudice, on February 2, 1983.

I.

It is undisputed that defendant carried unconcealed on his person a revolver owned by someone else and did not have a permit or license to do so.

Count II of the indictment provided:

On or about the 10th day of October, 1982, in the City and County of Honolulu, State of Hawaii, RICARDO S. RABAGO did intentionally and knowingly carry on his person a pistol or revolver without a permit or license to carry a firearm on his person, thereby committing the offense of Carrying a Firearm on Person Without Permit or License in violation of Section 134-9 of the Hawaii Revised Statutes.

This indictment appears to be an appropriate charge for a violation of HRS § 134-3(d) (Supp. 1983), a misdemeanor, which provides:

No person shall keep in his possession any firearm which is owned by another, whether or not the owner has consented to its possession, without a permit from the chief of police of the

appropriate county, except as provided in section 134-5.[1]
The State, however, chose to indict under HRS § 134-9. But, it is generally no defense to an indictment under one statute that the accused might have been charged under another, and the matter is necessarily and traditionally in the discretion of the prosecuting attorney. *State v. Modica,* 58 Haw. 249, 567 P.2d 420 (1977).

The relevant portion of HRS § 134-9 states:

No person shall carry concealed or unconcealed on his person a pistol or revolver without being licensed so to do under this section or in compliance with section 134-6.

HRS § 134-6[2] allows a person to possess a firearm in their residence. The State argues that the indictment is sufficient because HRS § 134-6 should not apply where a firearm is unregistered and therefore anyone who has in their possession an unregistered gun in their residence is in violation of HRS § 134-9. However, HRS § 134-6 proscribes two basic types of conduct, neither of which speaks directly of registration:

(1) the possession or the carrying of firearms outside of the possessor's place of business, residence, or sojourn, except as provided by the statute, and (2) the possession or carrying of loaded firearms on a public highway, except as provided by law.

*State v. Kamelo,* 58 Haw. 224, 565 P.2d 1358 (1977) (footnote omitted).

The entire event occurred within the garage of the defendant. Therefore the two basic types of conduct proscribed in *Kamelo* did

---

[1] HRS § 134-5 allows people to carry and use a rifle or shotgun while hunting or target shooting.

[2] Section 134-6 provides, *inter alia:*

Except as provided in sections 134-5 and 134-9, the possession of all firearms and ammunition shall be confined to the possessor's place of business, residence, or sojourn, but it shall be lawful to carry firearms or ammunition, or both, in a wrapper or other suitable container from the place of purchase to the purchaser's home, place of business, or place of sojourn, or between these places upon change of place of business, abode, or sojourn, or between these places and a place of repair or a target range.

It shall be unlawful for any person to have in his possession or to carry on any public highway any firearm loaded with ammunition; provided that the provisions of this paragraph shall not apply to any person who has in his possession or carries a pistol or revolver and ammunition therefor in accordance with a license or permit issued, as provided in section 134-9.

not occur in this case. There is also no allegation in the complaint that the pistol was loaded, and the second type of action proscribed by *Kamelo* pertains only to a loaded firearm.

Accordingly, the decision of the court below is affirmed.

*Peter Van Name Esser (Arthur E. Ross* on the briefs), Deputy Prosecuting Attorneys, for plaintiff-appellant.

*Ignacio R. Garcia (Paul J. Durbin* with him on the brief) for defendant-appellee.