**STATE OF HAWAIʻI**, Plaintiff–Appellant, v. **GEORGE J. MATYAS**, Defendant–Appellee

NO. 16006

(CR. NO. 90–1866)

OCTOBER 7, 1993

BURNS, C.J., HEEN, AND WATANABE, JJ.

OPINION OF THE COURT BY BURNS, C.J.

The State of Hawai'i (State) appeals the circuit court's March 18, 1992 Order Granting Defendant's Motion for a New Trial and its October 25, 1991 Order Granting Motion for Deferred Acceptance of Guilty Plea. We reverse both orders.

Defendant George M. Matyas (Matyas) was arrested for threatening a law enforcement officer with what appeared to be a gun. A search of Matyas' home resulted in the recovery of both a real gun and a toy gun.

On October 10, 1990, a grand jury indicted Matyas for having committed the following two offenses on June 17, 1989: Count I, Terroristic Threatening in the First Degree with the use of a dangerous instrument, a class C felony, Hawai'i Revised Statutes (HRS) § 707–716(1)(d) (Supp. 1992); and Count II, Place to Keep Pistol or Revolver, a class C felony. HRS § 134–6(a) and (c) (Supp. 1992).

HRS Chapter 853 (1985 and Supp. 1992) states in relevant part as follows:

> 853–1 **Deferred acceptance of guilty plea or nolo contendere plea; discharge and dismissal, expungement of records.** (a) Upon proper motion as provided by this chapter:
> (1) When a defendant voluntarily pleads guilty or nolo contendere, prior to commencement of trial, to a felony, misdemeanor, or petty misdemeanor;
> (2) It appears to the court that the defendant is not likely again to engage in a criminal course of conduct; and

(3) The ends of justice and the welfare of society do not require that the defendant shall presently suffer the penalty imposed by law,

the court, without accepting the plea of nolo contendere or entering a judgment of guilt and with the consent of the defendant and after considering the recommendations, if any, of the prosecutor, may defer further proceedings.

(b) The proceedings may be deferred upon any of the conditions specified by section 706–624. The court may defer the proceedings for such period of time as the court shall direct but in no case to exceed the maximum sentence allowable unless the defendant has entered a plea of guilty or nolo contendere to a petty misdemeanor, in which case the court may defer the proceedings for a period not to exceed one year. The defendant may be subject to bail or recognizance at the court's discretion during the period during which the proceedings are deferred.

(c) Upon the defendant's completion of the period designated by the court and in compliance with the terms and conditions established, the court shall discharge the defendant and dismiss the charge against the defendant.

(d) Discharge of the defendant and dismissal of the charge against the defendant under this section shall be without adjudication of guilt, shall eliminate any civil admission of guilt, and is not a conviction.

(e) Upon discharge of the defendant and dismissal of the charge against the defendant

under this section, the defendant may apply for expungement not less than one year following discharge, pursuant to section 831–3.2.

\* \* \*

853–4 **Chapter not applicable when.** This chapter shall not apply when:

\* \* \*

(9)   A firearm was used in the commission of the offense charged.

\* \* \*

Under the October 10, 1990 Indictment, Matyas was not eligible for an HRS Chapter 853 deferred acceptance of a guilty plea (DAGP) because HRS § 853–4(9) forbids DAGPs when a firearm was used in the commission of the offense charged. Matyas, however, contended that he used a fake gun, not a firearm. His position was that he was guilty of the lesser–included offense of Second Degree Terroristic Threatening, a misdemeanor, HRS § 707–717. Prior to the July 1991 trial (first trial), Matyas offered to settle both counts by pleading guilty to Terroristic Threatening in the Second Degree. The prosecutor, however, rejected this offer.

On August 7, 1991, a jury found Matyas not guilty of Place to Keep Pistol or Revolver, deadlocked on Terroristic Threatening in the First Degree, and found Matyas guilty of the lesser–included offense of Terroristic Threatening in the Second Degree. Matyas' conviction of the lesser–included offense automatically acquitted him of Terroristic Threatening in the First Degree. *State v. Feliciano*, 62 Haw. 637, 618 P.2d 306 (1980); *State v. Ferreira*, 8 Haw. App. 1, 791 P.2d 407, *cert. denied*, 71 Haw. 668, 833 P.2d 901 (1990).

Matyas immediately moved for a new trial, pursuant to HRS § 635–56 (1985) and Hawai'i Rules of Penal Procedure (HRPP) Rule 33. The former permits the court to "grant a new trial for any legal cause" and the latter permits the court to "grant a new trial . . . if required in the interest of justice." Matyas promised that if his motion were granted he would plead guilty to Terroristic Threatening in the Second Degree and move for a DAGP. On October 25, 1991, the circuit court orally granted a one–year DAGP. The Order Granting Defendant's Motion for a New Trial was subsequently entered on March 18, 1992. In reaching its decision, the court stated:

> This Court presided over the trial of this matter. And as I may have indicated on the record earlier, it's my view that although the defendant had no burden whatsoever at the trial that, in fact, the evidence adduced at the trial established by at least a preponderance of the evidence if not beyond a reasonable doubt that the item that the defendant held in his car in his hand at the time of the incident was a toy gun rather than a real one. This isn't to say that the grand jury did not have probable cause to indict Mr. Matyas. I think we're all agreed that it did, that on the basis of the testimony of the complaining witness, if believed, . . . , a reasonable grand jury could clearly have found probable cause to believe that an offense had been committed, specifically, Terroristic Threatening in the First Degree and that Mr. Matyas committed it.
>
> If I remember correctly, [Defense Counsel] moved orally for judgments of acquittal both at the close of the State's case and at the close of all of

the evidence. And the court denied those motions based upon the grounds that in the Court's view a reasonable trier of fact could conclude guilt beyond a reasonable doubt on the record before it. So the view that I'm expressing regarding what the evidence did or did not establish is my own personal view which I am not entitled to impute to the jury inasmuch as I wasn't the trier of fact at the trial of the matter.

But for purposes of a Rule 33 motion for a new trial I am entitled to exercise my own judgment regarding the state of the record and the weight of the evidence. And it's my own personal view that the evidence established at least by a preponderance that Mr. Matyas was guilty at most of Terroristic Threatening in the Second Degree and not of the offense charged inasmuch as a firearm was not present in his car at the time.

This Court does not believe that the cases cited by the State delineate exhaustively the circumstances under which a Rule 33 motion for new trial may be granted. By the plain language of the rule a motion for new trial can be granted in the interests of justice. Mr. Matyas vigorously sought to enter a plea of guilty to the charge of Terroristic Threatening in the Second Degree prior to trial in order to avoid the very dilemma which we all face at this point. The State was entitled to decline to consent to the entry of that plea. And the State did so, and we went to trial.

The jury reached the result that the defendant was willing to admit to prior to trial. In this Court's view it would be contrary to the interests

of justice not to accord the defendant an opportunity for deferral of an adjudication of guilt as to the offense of Terroristic Threatening in the Second Degree.

10/25/91 Tr. at 13–15.

## DISCUSSION

HRPP Rule 33, which is modeled after Federal Rules of Criminal Procedure (FRCP) Rule 33, provides that the standard for granting new trials is "in the interest of justice." According to Professor Wright, Rule 33 "recognizes the traditional principle that the trial court has broad powers to grant a new trial if for any reason it concludes that the trial has resulted in a miscarriage of justice." 3 C. WRIGHT, FEDERAL PRACTICE & PROCEDURE: CRIMINAL 2d § 551 at 236–37 (1982). Despite this broad authority, however, "motions [for new trials] are not favored and new trials are to be granted with caution." *Id.* at 237.

In Matyas' case, this was the situation: (1) the defendant was indicted for two offenses at least one of which did not permit a DAGP; (2) prior to the first trial the defendant offered to settle both counts by pleading guilty to one lesser–included offense that permitted a DAGP and to seek a DAGP; (3) the prosecutor opposed a DAGP and declined to reduce the indictment charge; (4) at the first trial, the jury found the defendant not guilty of one count and acquitted him of the other by finding him guilty of the lesser–included offense to which he had offered to plead guilty; (5) the defendant moved for a new trial so as to permit him to plead guilty to the lesser–included offense and seek a DAGP; (6) over the prosecutor's objection, the court granted defendant's motion, and entered a DAGP.

Matyas wanted his motion for a new trial to be granted, but he did not want a new trial. He was happy with, and took full advantage of, the verdict of the first trial. His only disagreement with the first trial was the fact that it occurred. He was unhappy with the prosecutor's pre–first trial refusal to reduce the indictment charge and to agree to a DAGP. Immediately after his motion for a new trial was granted and the first trial's guilty verdict was set aside, he pled guilty to the same offense. In other words, Matyas and the court used the jury's lesser–included offense verdict and HRPP Rule 33 to avoid the effect of the prosecutor's refusal to reduce the indictment charges and authorize the court to accept Matyas' DAGP to the reduced charge.

## A.

In Hawai'i, DAGPs are authorized by HRS § 853–1(a)(1). The first question is whether HRS § 853–1(a)(1) authorized the circuit court to enter a DAGP. The answer is no. Under HRS § 853–1(a)(1), the defendant is not eligible for a DAGP unless the defendant voluntarily pleads guilty or nolo contendere "prior to commencement of trial. . . . " When this requirement was inserted by Act 147 in 1979, the reason was expressed as follows:

> Your Committee received testimony that many individuals have caused the State to proceed through an entire trial and, subsequent to the presentation of the defense case, enter a plea of guilty and ask for and receive a DAG plea.
>
> * * *
>
> Your Committee finds that allowing DAG pleas only prior to trial would certainly eliminate a considerable amount of extra costs and would

provide for a more meaningful plea bargaining arrangement. ...

\* \* \*

Hse. Stand. Comm. Rep. No. 671, in 1979 House Journal, at 1476–77.

> Your Committee is of the distinct view that the DAG plea should not be available to the person who is convinced of his own guilt, but who would like to chance a trial to see if he can "get away with it" and who would use the DAG plea at the very last minute when that wrongful hope has been dispelled. We expect that our criminal justice system will have availed every accused sufficient time to obtain counsel or otherwise evaluate his circumstances prior to commencement of trial. With such commencement begins the imposition upon witnesses and the court, and the accrual of public expense for the cost of trial. Accordingly, we feel it is proper that the availability of the DAG plea should terminate with the commencement of trial when the prosecution presents its first witness. We also think that specifying a deadline after which the DAG plea will cease to be available will have the salutary effect of inducing a reasonable timetable for plea bargaining.

Sen. Stand. Comm. Rep. No. 855, in 1979 Senate Journal, at 1384–85.

Matyas did not plead guilty or nolo contendere prior to commencement of the first trial. He pled guilty prior to commencement of the new trial. We conclude that, in the light of its purpose, HRS § 853–1(a)(1)'s requirement that defendant plead guilty "prior to commencement of trial"

means that it be done prior to commencement of the first trial. Matyas' plea of guilty after the first trial and before the new trial did not satisfy that requirement.

**B.**

The second question is whether HRS § 635–56 and HRPP Rule 33 authorized the circuit court to grant Matyas' motion for a new trial. HRS § 635–56 states in relevant part that "the court may in any . . . criminal case grant a new trial for any legal cause." HRPP Rule 33 states in relevant part that "[t]he court on motion of a defendant may grant a new trial to him if required in the interest of justice." HRPP Rule 33 is applied when the prior trial resulted in a miscarriage of justice. 3 C. WRIGHT, *supra*, at 237. It is typically used to correct errors that have occurred in the conduct of the trial or proceedings. Having decided that the circuit court was not authorized to enter a DAGP, we conclude that the circuit court was not authorized to grant Matyas' motion for a new trial.

When a HRPP Rule 33 motion for a new trial asks for a jury's guilty verdict to be set aside and for a new trial to allow the defendant to request a DAGP that the circuit court is statutorily not authorized to enter, the cause is neither legal nor in the interest of justice. In Matyas' case, the first trial did not result in a miscarriage of justice and a new trial cannot achieve the result he sought in his motion for a new trial.

**C.**

In essence, Matyas appeals (1) the legislature's decision not to allow DAGPs unless the defendant voluntarily pleads guilty or nolo contendere prior to commencement of trial and (2) the prosecutor's decision, prior to the first

trial, not to allow him to settle the indictment charges by pleading guilty to Terroristic Threatening in the Second Degree and thereby make him eligible for a DAGP. With respect to (1), Matyas is appealing to the wrong branch of government. With respect to (2), Matyas reasonably did not challenge the valid indictment charges, and it was well within the prosecutor's allowable discretion to decline to reduce them. *State v. Rabago*, 67 Haw. 332, 686 P.2d 824 (1984); *Butler v. State*, 55 Md. App. 409, 462 A.2d 1230 (1983); Lowe, *Prosecutorial Discretion*, 81 GEO. L.J. 1029, 1029–31 (1993); 63A AM. JUR. 2d *Prosecuting Attorneys* § 24 at 312 (1984).

## CONCLUSION

Accordingly, we reverse the circuit court's March 18, 1992 Order Granting Defendant's Motion for a New Trial and its October 25, 1991 Order Granting Motion for Deferred Acceptance of Guilty Plea. We remand for further proceedings consistent with this opinion.

*Caroline M. Mee*, Deputy Prosecuting Attorney, City and County of Honolulu, for plaintiff–appellant.
*Mal Gillin* for defendant–appellee.

## CONCURRING OPINION BY HEEN, J.

I concur in the reasoning and the result of the majority opinion.

However, I believe that the opinion should go further and issue a clear admonition to the trial courts of this jurisdiction to refrain from abusing their discretion by crossing the boundary demarking the separation of powers between the judiciary and the executive branch. In my view, that is what the trial court did in this case.

As the majority points out, the motion for a new trial serves a specific function. It allows the trial court "to correct its own errors, or *errors that have occurred in the conduct of the trial or proceedings*, without the delay, expense, inconvenience, or other hardship of an appeal[.]" 66 C.J.S. *New Trial* § 1(b) (1950) (emphasis added and footnotes omitted).

In this case, there was no trial error to correct, and Defendant suffered no injustice from the trial. Instead, the motion was used by the Defendant, with the court's concurrence, to correct a perceived injustice by the prosecutor in refusing the plea bargain proffered by Defendant before the first trial. The motion was misused, and the result was a clear invasion of the prosecutor's turf.

Trial courts should always keep in mind that

[a] county attorney or district attorney is the representative of the State in criminal prosecutions. As such, he or she controls criminal prosecutions. It is the county or district attorney who has the authority to dismiss any charge or to reduce any charge. The prosecuting attorney has broad discretion in discharging his or her duty. The scope of this discretion extends to the power to investigate and to determine who shall be prosecuted and what crimes shall be charged. The prosecuting attorney has discretion to dismiss charges, and the court cannot refuse to allow a dismissal. Similarly, the court cannot restrain a prosecutor from prosecuting an action.

*State v. Williamson*, 253 Kan. 163, 165–66, 853 P.2d 56, 58 (1993) (citations omitted).

In using the new trial motion to correct the prosecutor's alleged abuse of discretion in declining the plea bargain, the trial court grossly abused its own discretion.