<span style="color:red">**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000708
30-SEP-2021
08:01 AM
Dkt. 99 SO**</span>

NO. CAAP-19-0000708

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
MARIA ARLENE BATO, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(ʻEWA DIVISION)
(CASE NO. 1DCW-18-0003429)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Hiraoka and Nakasone, JJ.)

Defendant-Appellant Maria Arlene Bato (**Bato**) appeals from the February 13, 2019 Judgment/Order; Notice of Entry of Judgment/Order (**Judgment**) and the September 4, 2019 Order and Notice of Entry of Order (**Order Denying Motion for New Trial**), entered in the District Court of the First Circuit, ʻEwa Division (**District Court**). Following a bench trial, the District Court found Bato guilty of Theft in the Fourth Degree (**Theft 4**), in violation of Hawaii Revised Statutes (**HRS**) § 708-833(1) (Supp. 2017),[1] and denied Bato's post-verdict motion for new trial. (**Motion for New Trial**).

---

[1] HRS § 708-833(1) provides: "A person commits the offense of theft in the fourth degree if the person commits theft of property or services of any value not in excess of $250."

Bato raises five points of error on appeal, contending that: (1) trial counsel, Deputy Public Defender (**DPD**) Antoinette Lilley (**Trial Counsel**), provided ineffective assistance by not objecting to or challenging Plaintiff-Appellee State of Hawaii's (the **State's**) trial evidence;[2] (2) Trial Counsel provided ineffective assistance by failing to introduce certain exculpatory evidence at trial; (3) the District Court violated Bato's rights to equal protection and due process by granting the State's oral motion to reconsider the order granting her a new trial (**Motion to Reconsider**) without two days prior written notice of the motion;[3] (4) the District Court erred in denying Bato's Motion for New Trial; and (5) no substantial evidence supports Bato's conviction because the State failed to establish the value of the item that was allegedly price-switched.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Bato's points of error as follows:

(1)  The Hawaiʻi Supreme Court has held:

> The defendant has the burden of establishing ineffective assistance of counsel and must meet the following two-part test:  1) that there were specific errors or omissions reflecting counsel's lack of skill, judgment, or diligence; and 2) that such errors or omissions resulted in either the withdrawal or substantial impairment of a potentially meritorious defense.  To satisfy this second prong, the defendant needs to show a possible impairment, rather than a probable impairment, of a potentially

---

[2]  Hawaiʻi Rules of Appellate Procedure Rule 28(a) provides: "If a brief raises ineffective assistance of counsel as a point of error, the appellant shall serve a copy of the brief on the attorney alleged to have been ineffective".  Here, Bato failed to serve the opening brief on Trial Counsel.

[3]  The Honorable Steven Hartley presided over the State's Motion to Reconsider.

> meritorious defense.  A defendant need not prove actual
> prejudice.

State v. Wakisaka, 102 Hawaiʻi 504, 514, 78 P.3d 317, 327 (2003)
(citations, footnote and internal quotation marks omitted).

Here, Bato presents no argument in support of her
assertion that Trial Counsel was ineffective for failing to
object to or ask questions about the State's evidence, and she
fails to identify any potentially meritorious basis for excluding
evidence that Trial Counsel failed to raise.  Thus, she fails to
show "specific errors or omissions reflecting counsel's lack of
skill, judgment, or diligence."  See id.  Accordingly, Bato has
not met her burden of establishing ineffective assistance of
counsel as raised in her first point of error.

(2)  On March 1, 2019, Bato filed a Motion for New
Trial through newly retained counsel, arguing, *inter alia*, that
Trial Counsel failed to present a receipt for the item she was
accused of stealing (the **Receipt**) as exculpatory evidence in her
defense.  A copy of the Receipt was not submitted with the motion
or otherwise put into the record in this case.  The District
Court later granted the State's motion to compel production of a
copy of the Receipt.  Subsequently, the State argued that the
Receipt was fraudulent, and asserted that that was why it was
never offered into evidence.  Yet, even after the withdrawal of
Trial Counsel and substitution of new counsel, and the State's
assertion that the Receipt was fraudulent, the Receipt was still
not offered into evidence by the defense in support of Bato's
argument that counsel was ineffective (or otherwise).

We note that in <u>State v. Reed</u>, 77 Hawaiʻi 72, 83-84, 881 P.2d 1218, 1229-30 (1994), <u>overruled on other grounds by</u> <u>State v. Balanza</u>, 93 Hawaiʻi 279, 1 P.3d 281 (2000), the defendant argued that his trial counsel's failure to call several police officers, who played minor roles in his arrest, impaired his entrapment defense, arguing that the officers would have provided favorable testimony.  The supreme court rejected this argument, noting:

> <u>Other than his own uncorroborated assertions, Reed points to no evidence in the record indicating what the officers would have testified to</u> if called as witnesses.  In the absence of sworn statements from the police officers verifying that, had they been called as witnesses at trial, they would have testified as Reed claims they would, <u>Reed's characterization of their potential testimony amounts to nothing more than speculation</u> and, therefore, is insufficient to meet his burden of proving that his trial counsel's failure to subpoena the police officers as witnesses constituted constitutionally ineffective assistance of counsel.

<u>Id.</u> at 84, 881 P.2d at 1230 (emphasis added).

Here, Bato's failure to produce the Receipt in conjunction with her Motion for New Trial is fatal to her claim for reasons similar to those in <u>Reed</u>.  Under Hawaiʻi Rules of Evidence (**HRE**) Rule 1002, "[t]o prove the content of a writing, . . . the original writing . . . is required, except as otherwise provided in these rules or by statute."  Under HRE Rule 1004(1)-(4), "[t]he original or a duplicate is not required, and other evidence of the contents of a writing . . . is admissible" only if the original is lost or destroyed, not obtainable, in the possession of the opponent, or if the writing is not closely related to a controlling issue.  Bato does not argue that any of the HRE Rule 1004 exceptions apply; therefore, we conclude that

the Receipt was required to prove its contents. Because the Receipt is not in the record, there is no proof of its contents, and thus no basis for this court to conclude it contains possibly exculpatory evidence. Accordingly, Bato fails to show how Trial Counsel's decision to not introduce the Receipt resulted in either the withdrawal or substantial impairment of a potentially meritorious defense.

(3) Bato contends she was denied equal protection and due process because the District Court granted the Motion to Reconsider without giving her two days' prior written notice. However, Bato does not cite where in the record she objected to the District Court's consideration of the State's motion without two days notice, and her argument provides no analysis regarding the import of two days notice, particularly as to what evidence or argument could have been advanced with further notice; nor does Bato present any supporting analysis for the purported equal protection and due process claims. Rather, her argument maintains that the District Court's stated reasons for granting reconsideration are "insufficient" to deny her due process right to a new trial, and that the District Court was "treating this . . . case so special, but only for the prosecution."

The record indicates that the District Court (Judge Hartley) granted reconsideration after deciding that Judge Iha, who conducted the bench trial, should have heard the Motion for New Trial, and noting further that Bato's new counsel failed to notify the prosecutor who tried the case of the motion. Judge Hartley's primary reason for granting reconsideration is

consistent with and in furtherance of principles of judicial restraint, and therefore supports a conclusion that the District Court did not abuse its discretion.

> [A] judge should generally be hesitant to modify, vacate or overrule a prior interlocutory order of another judge who sits in the same court. Judicial restraint in this situation stems from considerations of courtesy and comity in a court with multiple judges, where each judge has equal and concurrent jurisdiction.
>
> The normal hesitancy that a court would have in modifying its own prior rulings is even greater when a judge is asked to vacate the order of a brother or sister judge. The general rule which requires adherence to a prior interlocutory order of another judge of the same court thus commands even greater respect than the doctrine of "law of the case," which refers to the usual practice of courts to refuse to disturb all prior rulings in a particular case, including rulings made by the judge himself or herself.
> Unless cogent reasons support the second court's action, any modification of a prior ruling of another court of equal and concurrent jurisdiction will be deemed an abuse of discretion.

State v. Oughterson, 99 Hawaiʻi 244, 253, 54 P.3d 415, 424 (2002) (citations and brackets omitted; emphasis added). Under the above principles, Judge Hartley should have been hesitant to vacate Judge Iha's conviction and grant Bato a new trial. Because the result of the reconsideration order was only to re-set the motion for hearing before Judge Iha, Judge Hartley exercised his discretion in accordance with the established principle of judicial restraint. Thus, he did not "clearly exceed[] the bounds of reason or disregard[] rules or principles of law or practice." See generally State v. Hicks, 113 Hawaiʻi 60, 69, 148 P.3d 493, 502 (2006) (citations omitted).

Therefore, we conclude that the District Court (Judge Hartley) did not abuse its discretion in granting reconsideration of its ruling on Bato's Motion for New Trial.

(4)   Bato argues that the District Court (Judge Iha) abused its discretion in denying Bato's Motion for New Trial because the denial of the motion prevented her from presenting the Receipt as evidence in her defense, thus denying her due process.  Specifically, Bato argues that the District Court erred in accepting the State's argument that the "[R]eceipts" were "deficient in some manner" despite Bato's assertion that she "could authenticate and identify the [R]eceipt."[4]

Under the Hawaiʻi Rules of Penal Procedure (**HRPP**) Rule 33, "[t]he court on motion of a defendant may grant a new trial to the defendant if required in the interest of justice."

> HRPP Rule 33, which is modeled after Federal Rules of Criminal Procedure (FRCP) Rule 33 . . . . According to Professor Wright, Rule 33 "recognizes the traditional principle that the trial court has broad powers to grant a new trial if for any reason it concludes that the trial has resulted in a miscarriage of justice." 3 C. Wright, *Federal Practice & Procedure: Criminal 2d* § 551 at 236–37 (1982).  Despite this broad authority, however, "motions [for new trials] are not favored and new trials are to be granted with caution."  Id. at 237.

State v. Matyas, 10 Haw. App. 31, 37, 859 P.2d 1380, 1383 (1993).

The District Court's reasoning for denying the Motion for New Trial was not that it relied upon or accepted the State's argument that the Receipt was fraudulent; rather, the court noted that the Receipt was not newly discovered evidence.  In State v. McNulty, 60 Haw. 259, 267–68, 588 P.2d 438, 445 (1978), overruled on other grounds by Raines v. State, 79 Hawaiʻi 219, 900 P.2d 1286 (1995), the supreme court held that a trial court may grant a new trial based on newly discovered evidence under certain

---

4       Though apparently referring to the same (unsubmitted) evidence, Bato interchangeably refers to a "Receipt" in the singular and "Receipts" in the plural throughout her opening brief.

conditions.  However, Bato does not argue that the Receipt is new evidence.

Bato fails to provide any authority supporting her broad contention on appeal that the District Court should have granted a new trial based on evidence that was available, but not presented, at trial.  The gravamen of Bato's argument at the hearing on the Motion for New Trial was ineffective assistance of counsel, but Bato failed to offer the Receipt into evidence or otherwise support her assertion that Trial Counsel was ineffective for having failed to offer the Receipt as evidence at trial.  Thus, we reject Bato's argument that the District Court abused its discretion in denying the Motion for New Trial.

(5)  Bato argues that the District Court erred in not granting her motions for acquittal and for dismissal[5] because the State failed to present evidence of the price of the "item allegedly price switched," and therefore the State failed to prove an element of the offense.  The State argues that substantial evidence supports the conviction because Chelsey Takahashi (**Takahashi**), an asset protection associate for Walmart, credibly testified that the Box of Slime allegedly price-swapped by Bato cost $20.80.[6]

"[E]ven if it could be said in a bench trial that the conviction is against the weight of the evidence, as long as

---

[5]    Although Bato moved for judgment of acquittal at the close of the State's case and again at the close of her own case, it does not appear that she moved for dismissal at any time.

[6]    Price-swapping involves removing a price tag from an item and then applying a different price tag, which was removed from a lower priced item.

8

there is substantial evidence to support the requisite findings for conviction, the trial court will be affirmed." State v. Matavale, 115 Hawaiʻi 149, 158, 166 P.3d 322, 331 (2007) (citation omitted). "[A]s trier of fact, the trial judge is free to make all reasonable and rational inferences under the facts in evidence, including circumstantial evidence." Id. "An appellate court will not pass upon the trial judge's decisions with respect to the credibility of witnesses and the weight of the evidence, because this is the province of the trial judge." State v. Eastman, 81 Hawaiʻi 131, 139, 913 P.2d 57, 65 (1996) (citations omitted).

"A person commits the offense of [Theft 4] if the person commits theft of property or services of any value not in excess of $250." HRS § 708-833(1). Takahashi testified as follows regarding the values of a Box of Slime and a particular headband:

> [The prosecutor] The two items that were admitted into evidence as Exhibit 1 and Exhibit 2, um -- does the store Walmart Pearl City carry those items?
>
> [Takahashi] Yes.
>
> Q And how do you know that?
>
> A Um -- I seen her select it off of our shelf and, um -- after it was recovered from her, um -- in the booking office, it was taken to the register and it was scanned and it, um -- it scanned at our register.
>
> Q Okay. So at that time you were also able to . . . establish the value of these items?
>
> A Yes.
>
> Q Okay. And also establish the fact that she failed to pay for one of the items?
>
> A Yes.
>
> Q Does anyone have authorization to permit a person to take items from the store without paying for them?

A  No.

Q  Did the defendant have permission to take items from the store without paying for them?

A  No.

Q  Did the defendant have permission to switch the tags --

A  No.

Q  -- and pay for a lesser price item?

       . . . .

Q  . . . We discussed how you established the value of the items stolen, correct?

A  Uh-huh.

Q  And that's because you went to the register and rang them up, correct?

A  Yes.

Q  On that day, was the total $20.80?

A  Yes.

(Emphasis added).

Takahashi also testified that Bato "paid the cheaper price of the slime" and "exited the store with the more expensive slime."

Contrary to the State's argument, the above testimony indicates only that the Box of Slime and the headband, together, were valued at $20.80.  Nonetheless, because Takahashi testified that Bato "paid the cheaper price of the slime" and "exited the store with the more expensive slime," along with reasonable inferences from the testimony concerning the total price of the items, this testimony is sufficient for a trier of fact to find that Bato paid less than the full value of the Box of Slime. Moreover, Takahashi also testified that Bato "failed to pay for one of the items" she took from the store.  This is also evidence supporting a finding that Bato took an item of "any value"

10

without paying.  Because a Theft 4 charge requires the State to prove only that the defendant stole an item of "any value," Takahashi's testimony is substantial evidence to support the conviction.  See Matavale, 115 Hawaiʻi at 157-58, 166 P.3d at 330-31.  Thus, Bato's final point of error lacks merit.

For these reasons, the District Court's February 13, 2019 Judgment and September 4, 2019 Order Denying Motion for New Trial are affirmed.

DATED: Honolulu, Hawaiʻi, September 30, 2021.

On the briefs:

Andre' S. Wooten,
for Defendant-Appellant.

Donn Fudo,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Karen T. Nakasone
Associate Judge