**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-21-0000175**
**24-JUL-2023**
**07:51 AM**
**Dkt. 61 SO**

NO. CAAP-21-0000175

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
JUSTIN K.L. OKAWA, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
'EWA DIVISION
(CASE NO. 1DTA-19-02885)

### SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Hiraoka and Wadsworth, JJ.)

Defendant-Appellant Justin K.L. **Okawa** appeals from the "Notice of Entry of **Judgment** and/or Order and Plea/Judgment" entered by the District Court of the First Circuit, 'Ewa Division, on January 20, 2021.[1]  Okawa also challenges the "Order Denying Motion for New Trial" entered by the district court on March 19, 2021.  For the reasons explained below, we affirm.

Okawa was arrested on August 16, 2019, for allegedly operating a vehicle under the influence of an intoxicant (**OVUII**).  On September 12, 2019, Okawa was charged by complaint with OVUII in violation of Hawaii Revised Statutes (**HRS**) § 291E-61(a)(1) and/or (3).  The complaint was signed by a deputy prosecuting

---

[1]    The Honorable Karin L. Holma presided.

attorney (**DPA**) under penalty of perjury.  Okawa pleaded not guilty.

A bench trial was held on January 20, 2021.  The district court found Okawa guilty as charged.  The Judgment was entered on January 20, 2021.  Okawa filed a motion for new trial on February 1, 2021.  The motion was heard on March 9 and 16, 2021.  The order denying the motion was entered on March 19, 2021.  This appeal followed.

Okawa raises four points of error: **(1)** the complaint did not comply with HRS § 805-1; **(2)** the arraignment violated Hawaiʻi Rules of Penal Procedure (**HRPP**) Rules 5(b) and 10(a); **(3)** the district court's ultimate Tachibana[2] colloquy was deficient; and **(4)** the district court erred by denying Okawa's motion for new trial.

**(1)**  Okawa contends that the State's criminal complaint violated HRS § 805-1 because it was signed by the DPA, not by the complainant.[3]  Whether a complaint complied with an applicable statute and/or rule is a question of law we review de novo.  State v. Mortensen-Young, 152 Hawaiʻi 385, 392, 526 P.3d 362, 369 (2023).  HRS § 805-1 applies only to criminal complaints used to obtain a penal summons or arrest warrant.  Id. at 399, 526 P.3d at 376.  Okawa was arrested by a police officer at the scene of the alleged offense.  "[T]he requirements of HRS § 805-1 do not apply to complaints used to charge a defendant who has already been arrested."  Id. at 397, 526 P.3d at 374.  Okawa's first point of error is without merit.

---

[2]    Tachibana v. State, 79 Hawaiʻi 226, 900 P.2d 1293 (1995).

[3]    HRS § 805-1 (2014) provides, in relevant part:

**Complaint; form of warrant.**  When a complaint is made to any prosecuting officer of the commission of any offense, the prosecuting officer shall examine the complainant, shall reduce the substance of the complaint to writing, and shall cause the complaint to be subscribed by the complainant under oath, which the prosecuting officer is hereby authorized to administer, or the complaint shall be made by declaration in accordance with the rules of court.

**(2)** Okawa contends that the State's case should be dismissed because he was not arraigned pursuant to HRPP Rule 5(b) and 10(a). His argument is based solely on the premise that the criminal complaint was fatally defective. The complaint was not defective. Okawa's second point of error is without merit.

**(3)** Okawa contends that the district court's ultimate Tachibana colloquy was deficient because "[r]ather than simply advising Okawa of his rights, the court referred to Okawa's supposed decision not to testify during the colloquy." We review the sufficiency of the district court's Tachibana colloquy de novo under the right/wrong standard, see State v. Celestine, 142 Hawaiʻi 165, 169, 415 P.3d 907, 911 (2018), looking at the totality of the facts and circumstances of the case, id. at 171, 415 P.3d at 913.

Here, Okawa moved for a judgment of acquittal after the State rested. The district court denied the motion. Defense counsel then stated, "And Mr. Okawa is not (inaudible)." The court immediately began the ultimate Tachibana colloquy:

> THE COURT: Okay. Mr. Okawa, I'm going to read you the Tachibana thing one last time, so make sure I'm doing -- dotting my I's and crossing my T's.
>
> As we talked about earlier, you have a constitutional right to testify in your own defense. You understand that, correct?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Okay. And, again, although you should consult with Mr. Kaneshiro regarding that decision, it is ultimately your decision, and no one can prevent you from testifying, if you wish to do so, do you understand that?
>
> THE DEFENDANT: Yes, I do.
>
> THE COURT: Okay. And so you decided now you're not going to testify, so then Mr. Dodge -- Dodge will not be allowed to cross-examine you, you're good -- you're all good with that, right?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Okay. And then -- and you also understand that you have that constitutional right not to testify and to remain silent, you understand that?
>
> THE DEFENDANT: Yes.

> THE COURT: Okay. And your decision not to testify, I'm not going to hold that silence against you in making the decision, you understand that? Okay.
>
> THE DEFENDANT: Yes.
>
> THE COURT: Okay. So it's your understanding that you're not intending to testify, so that's your decision, correct?
>
> THE DEFENDANT: That's correct.

Okawa argues, "rather than simply advising Okawa of his rights to testify and not to testify, the court referred to Okawa's decision not to testify during the colloquy." The district court did not err by so doing. See Celestine, 142 Hawaiʻi at 170, 415 P.3d at 912 ("The second time we suggested a verbal exchange should occur is *after the court indicates to the defendant its understanding* that the defendant does not intend to testify.") (emphasis added) (footnote and citation omitted); cf. State v. Martin, 146 Hawaiʻi 365, 380, 463 P.3d 1022, 1037 (2020) (holding although the trial court did not use the precise terminology, "Is anyone forcing you not to testify?" the court's questioning was tantamount to eliciting that information).

The totality of the facts and circumstances surrounding the ultimate colloquy shows that the district court informed Okawa of his rights to testify and to not testify; Okawa confirmed his understanding of each right; and Okawa confirmed that it was his decision to not testify. The ultimate colloquy was not deficient.

**(4)** Okawa argues that "the district court abused its discretion in failing to exercise its inherent power to administer justice and granting a new trial." HRS § 635-56 (2016) provides: "[T]he court may in any . . . criminal case grant a new trial for any legal cause." HRPP Rule 33 states, in relevant part: "The court on motion of a defendant may grant a new trial to the defendant if required in the interest of justice." "Despite this broad authority, . . . motions for new trials are not favored and new trials are to be granted with

4

caution." State v. Matyas, 10 Haw. App. 31, 37, 859 P.2d 1380, 1383 (1993) (cleaned up). We review a trial court's ruling on a motion for new trial for abuse of discretion. State v. Pitts, 146 Hawai'i 120, 129, 456 P.3d 484, 493 (2019).

**(a)** Okawa first argues that "[t]he district court abused its discretion in denying [his] motion for a new trial where the [police] officers violated the stipulation and testified to their OVUII training and experience when they were only permitted to give lay testimony." Okawa's opening brief does not cite to the record where he objected to the officers' testimony at trial, as required by Hawai'i Rules of Appellate Procedure Rule 28(b)(4)(A). His argument is waived. State v. Schnabel, 127 Hawai'i 432, 459 n.59, 279 P.3d 1237, 1264 n.59 (2012) ("[I]f a party fails to raise any argument, evidentiary or otherwise, that argument is generally deemed waived.") (emphasis and citation omitted).

**(b)** Okawa next argues that "[t]he district court abused its discretion in denying [his] motion for a new trial where there was no substantial evidence to support his conviction." Okawa failed to renew his motion for judgment of acquittal after he rested. When a defendant fails to renew a motion for judgment of acquittal, we review a challenge to the sufficiency of the evidence for plain error. State v. Chun, 93 Hawai'i 389, 396 n.4, 4 P.3d 523, 530 n.4 (App. 2000).

We decline to recognize plain error. The district court found police officers Aberilla and Borges to be credible. They testified that: Okawa was stopped for driving at an excessive rate of speed; Okawa fumbled with his driver's license, registration and insurance card when providing them to Officer Aberilla; Officer Aberilla could smell a strong odor of alcohol emitting from the vehicle; Okawa had a "blank stare[] and red and watery eyes"; during the Horizontal Gaze Nystagmus portion of the standardized field sobriety test, Officer Borges observed that Okawa had "difficulty entering into the initial position to do the test[,]" "stood in a different direction on two different

occasions," and "his body was swaying in a circular manner throughout the entire test"; during the Walk-and-Turn test, Okawa "started the test too soon," "on his first attempt lost his balance, leaned heavily, and then immediately abandoned the test[,]" "on the second attempt[,] . . . [h]e missed his first step, he lost his balance, he put his foot down halfway"; and during the One-Leg-Stand test, Okawa "swayed throughout the whole test."  The evidence, when viewed in the light most favorable to the State, State v. Jones, 148 Hawaiʻi 152, 166, 468 P.3d 166, 180 (2020), was sufficient to support Okawa's conviction of OVUII.

**(c)**  Finally, Okawa argues that "[t]he district court abused its discretion in denying [his] motion for a new trial where [he] was unfairly deprived of the opportunity to take advantage of the 'DUI DEAL.'"  He explains that on January 25, 2021 (after his January 20, 2021 trial), the Honolulu prosecutor's office approved the terms of a plea offer developed to address the backlog of OVUII cases that arose during the COVID-19 pandemic.  The specific terms of the "DUI deal" are not in the record.  Okawa's supplement to his motion for new trial claims that it "would have resulted in an amendment of the OVUII charge to Reckless Driving and an opportunity to keep the charge off his record."  At the hearing on his motion, Okawa's counsel stated that "the plea agreement . . . would reduce first time OVUII offenses to reckless driving offenses."

The State never confirmed the terms of the DUI deal. In opposition to Okawa's motion, the State confirmed that the "details of the deal were sent out on January 25, 2021[,]" but stated that "the Prosecutor has discretion on a case by case basis as to whether the deal is extended[.]"  During the hearing, the State explained "that [albeit] defendant would have been eligible, that doesn't necessarily mean that we would have extended the plea offer.  It was within our discretion, it wasn't an automatic offer to plea."

"HRPP Rule 33 is applied when the prior trial resulted in a miscarriage of justice.  It is typically used to correct errors that have occurred in the conduct of the trial or proceedings."  <u>Matyas</u>, 10 Haw. App. at 40, 859 P.2d at 1385 (citation omitted).  The district court did not err by denying Okawa's motion for new trial, where there was no trial error, so that Okawa might speculatively receive an offer to reduce the charge from OVUII — for which he had already been convicted — to reckless driving.

For the reasons explained above, the "Notice of Entry of Judgment and/or Order and Plea/Judgment" entered on January 20, 2021, and the "Order Denying Motion for New Trial" entered on March 19, 2021, are affirmed.

DATED:  Honolulu, Hawaiʻi, July 24, 2023.

On the briefs:

Donn Fudo,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Alen M. Kaneshiro,
for Defendant-Appellant.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge