STATE OF HAWAII, Plaintiff-Appellant, *v.* GILBERT L. AMARAL, II, Defendant-Appellee

NO. 7226

MAY 12, 1980

HAYASHI, C.J., BURNS, J., CIRCUIT JUDGE CHANG
IN PLACE OF PADGETT, J., DISQUALIFIED

*Per Curiam.* The defendant, Gilbert L. Amaral, II, was arrested for allegedly raping, kidnapping and sodomizing one Lynn Sue Galarza on or about August 15, 1978, a resident of Honolulu who was vacationing on Maui at that time. Bail in the amount of $3,000.00 was set and defendant posted bail and was released a few hours after he was arrested.

On September 11, 1978, the defendant appeared in the Wailuku District Court for arraignment and a preliminary hearing was set for September 13, 1978.

The investigating officer in this case was one Glenn Padua. Officer Padua took a statement from the alleged victim and also obtained from her both her temporary Maui address and her permanent Honolulu address. On September 12, 1978, one day before the preliminary hearing, the matter was presented to the Grand Jury by the prosecutor and an indictment was returned charging the defendant with Rape, Kidnapping and Sodomy based solely on the hearsay testimony of Officer Padua.

Subsequently, the defendant filed a Motion to Dismiss the Indictment and, after a hearing on said motion on November 27, 1978, the trial court granted the dismissal of the indictment on the ground that the indictment was invalid because it was obtained solely on hearsay testimony.

A careful reading of the files and records indicates that the prosecutor, in an effort to avoid the preliminary hearing which was set for September 13, 1978, scheduled a Grand Jury hearing for September 12, 1978. In preparation thereof, the prosecutor perfunctorily issued a subpoena on September 9, 1978 to be served on the alleged victim on Maui to appear at the Grand Jury hearing on September 12, 1978. This was done by the prosecutor knowing that the alleged victim had returned to Honolulu and was not available to subpoena on Maui. In other words, the prosecutor knew at the time of the issuance of the subpoena that it was a useless act.

The record is silent on any efforts made by the prosecution to secure the attendance of the alleged victim either at the preliminary hearing or at the Grand Jury proceeding. Nowhere in the file is there any record that the Prosecutor's Office, at the very least, tried to make contact with the alleged victim to see whether or not she would or would not be available for either the preliminary hearing or the Grand Jury proceeding.

On appeal the State relies heavily on *State v. Murphy,* 59 Haw. 1 (1978). In *Murphy, supra,* a detective was called to testify before the Grand Jury regarding his investigation of the

death of a rape victim. He, and not the medical examiner, testified as to the cause of death. Although the court agreed that the detective's testimony was hearsay regarding information crucial to the Grand Jury's finding that probable cause existed, the court held that since the hearsay testimony was not used deliberately to improve the indictment, dismissal of the indictment was not required.

We do not read the *Murphy* case as compelling this court to reverse the dismissal of the indictment by the lower court in this case. A motion to dismiss an indictment because of the incompetency of evidence before a Grand Jury is addressed to the discretion of the trial court, and the decision of the trial court will not be reversed unless there has been abuse of such discretion. *See Truchinski v. United States,* 393 F.2d 627, 632-33 (8th Cir.), *cert. denied,* 393 U.S. 831, 89 S. Ct. 104, 21 L.Ed.2d 103 (1968). We conclude that the trial court in the case at bar did not abuse its discretion in granting dismissal of the indictment.

Finally, we call attention as an admonition to appellant that it has disregarded the provisions of Rule 3(b)(5) of the Rules of the Supreme Court of the State of Hawaii.

Affirmed.

*John E. Tam,* Deputy Prosecuting Attorney, for plaintiff-appellant.

*Richard L. Rost* for defendant-appellee.