STATE OF HAWAII, Plaintiff-Appellee, *v.* PENNY ROSEMARIE CORPUZ, also known as Pen, Defendant-Appellant, and LLOYD KEALOHA WAIALAE, Defendant

NO. 9181

(CRIMINAL NO. 54613)

NOVEMBER 9, 1984

LUM, C.J., NAKAMURA, PADGETT, HAYASHI AND WAKATSUKI, JJ.

*Per Curiam.* Defendant-Appellant, Penny Rosemarie Corpuz (hereinafter "Appellant"), was convicted on January 11, 1983 of one count of murder in violation of Hawaii Revised Statutes (HRS) § 707-701. An Amended Judgment and Notice of Entry was filed

on March 28, 1983. For the reasons stated below we affirm the judgment of the trial court.

## I.

Appellant raises a number of issues on appeal. First, she argues that at the second grand jury proceeding of April 28, 1982, the State deliberately used excessive hearsay evidence to improve its case for indictment. Thus the indictment obtained should have been dismissed. Second, Appellant argues that there was sufficient evidence of alibi presented at trial. Thus the jury should have been instructed on the defense of alibi. Third, Appellant argues that the *voir dire* of the jurors for the references made at trial to a polygraph examination of a witness and to the trial being a retrial did not dispel the prejudice inflicted on her. Thus her motion for mistrial should have been granted. After a review of the record we find no merit to the second and third contentions. We will address only the first contention.

## II.

On August 20, 1980, the State presented its case to the grand jury. It obtained an indictment against Appellant charging her with the murder of Chris Vares, Jr., her common-law husband, who had disappeared in 1977. Trial was held in June, 1981. The jury could not reach a unanimous verdict, and a mistrial was declared. The indictment was subsequently dismissed without prejudice on April 15, 1982.

On April 28, 1982, the State presented its case to the grand jury for a second time. The same witnesses who had testified at the first proceeding testified, except for Vares' mother who did not testify at the second proceeding.

Detective Jimon You of the Honolulu Police Department was called at the proceeding. He testified to what Lloyd Waialae, a friend of Appellant and the victim, had told him.[1] It is not disputed

---

[1] Detective You's testimony elicited the following facts: Waialae told him that Appellant had come to his house and said that she had shot Vares. Waialae returned to Appellant's house in Waiahole Valley and helped bury Vares' body in a nearby field. He recovered the gun used in the shooting. Waialae later turned this gun over to Detective You. He later directed Detective You to the gravesite where Vares' skeletal remains were recovered.

that this testimony was hearsay.

The grand jury issued a second indictment charging Appellant with murder.

On July 15, 1982, Appellant filed a Motion to Dismiss Grand Jury Indictment for Excessive Hearsay. A hearing on the Motion to Dismiss and other motions was held on December 20, 1982. The State stipulated that Lloyd Waialae had been present in Honolulu on April 28, 1982 when the grand jury proceeding was conducted. The trial court denied the Motion to Dismiss, and an Order Denying Motions Heard on December 20, 1982 was filed on January 4, 1983.

A jury trial was held from December 23, 1982 through January 11, 1983. Appellant was convicted as charged.

### III.

A motion to dismiss an indictment because of the incompetency of evidence before a grand jury is addressed to the discretion of the trial court. The decision of the trial court will not be reversed unless there has been abuse of such discretion. *State v. Amaral,* 1 Haw. App. 6, 8, 611 P.2d 996, 997 (1980). We find that the trial court did not abuse its discretion.

We reviewed this court's decisions involving the use of hearsay at grand jury proceedings in *State v. Miyazaki,* 64 Haw. 611, 615, 645 P.2d 1340, 1344 (1982). We find no reason to deviate from the pronouncements made in that case which are discussed below.

In *State v. Layton,* 53 Haw. 513, 515, 497 P.2d 559, 561 (1972), we quoted *United States v. Umans,* 368 F.2d 725, 730 (2d Cir. 1966) and stated that "[h]earsay evidence should only be used when direct testimony is unavailable or when it is demonstrably inconvenient to summon witnesses able to testify to facts from personal knowledge." We later noted that this admonition was at most a policy expression and not a hard and fast rule. *State v. Murphy,* 59 Haw. 1, 6, 575 P.2d 448, 453 (1978).

In *Murphy* we announced the rule which we affirmed in *State v. O'Daniel,* 62 Haw. 518, 523, 616 P.2d 1383, 1388 (1980), that "where the hearsay testimony was not used deliberately in the place of better evidence to improve the case for an indictment, dismissal of the indictment is not required." *Murphy,* 59 Haw. at 6, 575 P.2d

at 453. We reaffirm that this is the presently applicable rule in this jurisdiction.

Appellant states that the stipulation to Lloyd Waialae's availability is a key to this case. She claims that the stipulation sufficiently suggests that the State deliberately failed to call Waialae to testify to his first-hand knowledge of key elements of the murder charge at the grand jury proceeding because of his questionable credibility. Instead the State deliberately chose to use hearsay evidence elicited from Detective You, who as a police officer was cloaked with an aura of credibility. We disagree.

The preferable practice would be for the prosecution to present witnesses who are able to testify from first-hand knowledge whenever possible. *Murphy*, 59 Haw. at 6, 575 P.2d at 453. But the prosecutor has wide discretion in selecting and presenting evidence before the grand jury. *O'Daniel*, 62 Haw. at 520, 616 P.2d at 1386.

We note that "[i]t is a basic rule in this jurisdiction that in proceedings determining the validity of an indictment, the State does not have the burden of proving that the alleged illegal or improper testimony is not prejudicial; it is the duty of the defendant to come forward and present a case proving prejudice." *Miyazaki*, 64 Haw. at 615, 645 P.2d at 1344.

Under the facts of this case, there was no evidence to indicate Detective You did not accurately reflect the conversations he had with Lloyd Waialae. Furthermore, Appellant failed to present evidence to show that the State deliberately used hearsay testimony in the place of better evidence to improve the case for an indictment. *Murphy*, 59 Haw. at 6, 575 P.2d at 453. The stipulation as to Waialae's availability standing alone was insufficient. The trial court did not abuse its discretion in denying Appellant's Motion to Dismiss Grand Jury Indictment for Excessive Hearsay.

Accordingly, the judgment of the trial court is affirmed.

*Bruce Masunaga, (Alvin T. Sasaki* with *Jan M. Tamura,* Certified Law Student on the brief) Deputy Public Defenders, for defendant-appellant.

*Willard J. Peterson,* Deputy Prosecuting Attorney, for plaintiff-appellee.