NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000555
27-JUL-2022
07:46 AM
Dkt. 39 SO

NO. CAAP-21-0000555

IN THE INTERMEDIATE COURT OF APPEALS
OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellant,
v.
COLE F. SULENTA, Defendant-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO. 2CPC-20-0000220(3))

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Hiraoka and Nakasone, JJ.)

Plaintiff-Appellant, State of Hawai'i (**State**) appeals from the September 13, 2021 Findings of Fact (**FOF**), Conclusions of Law (**COL**); Order Granting Defendant-Appellee Cole F. Sulenta's (**Sulenta**) Motion to Dismiss Counts 1-5 for Insufficient Evidence (**Order Granting Motion to Dismiss**), filed by the Circuit Court of the Second Circuit (**Circuit Court**).[1] Sulenta was charged via Felony Information and Non-Felony Complaint (**Information**) with Accidents Involving Death or Serious Bodily Injury in violation of Hawaii Revised Statutes (**HRS**) § 291C-12; two counts of Negligent Injury in the First Degree in violation of HRS § 707-705; Operating a Vehicle Under the Influence of an Intoxicant in violation of HRS § 291E-61(a)(1); and Reckless Driving of Vehicle in violation of HRS § 291-2.

---

[1] The Honorable Kelsey T. Kawano presided.

On appeal, the State contends that the Circuit Court erred in granting Sulenta's Motion to Dismiss Counts 1-5 for Insufficient Evidence (**Motion to Dismiss**) and entering FOF 9 and COLs 3, 4,[2] 5, 6, 7, 8, 9, 10, and 11.[3]

---

[2] The Circuit Court's FOF, COL, and Order Granting Motion to Dismiss contains a typographical error with two COLs numbered as COL 4. In its Opening Brief, the State clarifies that it challenges the second COL 4 (**Second COL 4**).

[3] The challenged FOF and COLS state:

**FINDINGS OF FACT**

. . . .

9. The Order Granting Motion to Suppress further concluded that Officer Thompson's Declaration is inadmissible testimonial hearsay barred by Crawford v. Washington, 541 U.S. 36 (2004).

**CONCLUSIONS OF LAW**

. . . .

3. The State's additional evidence was set forth in Ofc. Thompson's declaration was submitted in support of the information charging packet. However, this Court has determined that information to be inadmissible testimonial hearsay, barred by Crawford v. Washington, 541 U.S. 36 (2004).

. . . .

4. The information in the charging packet is admissible for purposes of establishing probable cause to support the information charge. But, it is **not** permissible for purposes of opposing the subsequent motion to dismiss for lack of probable cause **nor** for use at the trial where the proponent of the hearsay statements is deceased and unavailable for cross-examination.

5. When [Sulenta] exercised his right to seek dismissal of the information pursuant to HRS § 806-86(a), he was stymied in that effort because Ofc. Thompson was not here to answer questions about his declaration.

6. None of the facts argued by the State in opposition to the instant motion to dismiss have any basis for admission and consideration by this Court without Ofc. Thompson.

7. The sources and identities of the declarant's hearsay statements as related by Ofc [sic] Thompson in his declaration are unknown to this Court. The declaration only cited to two MPD reports, 19-035605 and 19-035607. But, they are his own police reports, and his two police reports do
(continued...)

Upon review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, we resolve the State's point of error as follows, and affirm.

The pertinent background is as follows. On April 30, 2020, the State filed the five-count Information against Sulenta, along with sealed exhibits in support of the Information (**Sealed Exhibits**), which contained the Declaration of Maui Police Department (**MPD**) Officer Jason Thompson (**Officer Thompson**), who investigated the case involving Sulenta. FOFs 2 and 3. On May 1, 2020, the Circuit Court found that the Sealed Exhibits contained sufficient evidence to support a finding of probable cause (**PC**) for the Information, and filed its Order Following Judicial Review of Information and Complaint and Supporting Documents (**May 1, 2020 Order Finding PC**).[4] FOF 4.

---

[3](...continued)
not reference the additional evidence for which the State argued.

8. Ofc. Thompson was not involved in investigating the vehicle collision other than investigating [Sulenta] himself for criminal conduct. Ofc. Thompson's records and files do not indicate that he conferred with other officers who did the collision investigation or what information was obtained from such conferences. The only documented conference in his reports was with Sergeant Ryan Saribay ("Sgt. Saribay"), which was irrelevant to this issue of the additional information.

9. None of the other records and files in this case, including prior motions and exhibits attached thereto, and the items listed in the foregoing paragraph 9 of the Findings of Fact, indicate that Ofc. Thompson conferred with other officers who investigated the incident or what information was obtained from such conferences, with the exception of a conference with Sgt. Saribay.

10. Accordingly, the current records and files of this case are devoid of any evidence to support a finding of probable cause for the continued prosecution of this case.

11. The trial court can dismiss a complaint or indictment because of the incompetency of evidence. State v. Corpuz, 67 Haw. 438, 690 P.2d 282 (1984). Id., 67 Haw. at 440, 690 P.2d at 284.

[4] The Honorable Kirstin M. Hamman signed the May 1, 2020 Order Finding PC. An amended order was filed on May 11, 2020.

On August 5, 2020, Officer Thompson died.  FOF 5.

In November 2020, Sulenta filed motions to suppress statements and evidence (**Motions to Suppress**).  In his Motions to Suppress, Sulenta argued that the State's evidence, which included documentation created by Officer Thompson, such as evidence of oral statements made by Sulenta, Sulenta's Standardized Field Sobriety Test, the Incident/Investigation Report, the Motor Vehicle Accident Report, the transcript of Officer Thompson's body camera (**body cam**) video, and the Lahaina Police Station Processing Video (**processing video**), should be suppressed because Officer Thompson was now deceased and unavailable for cross-examination.  Following a June 16, 2021 hearing[5] on the suppression motions, the Circuit Court granted the motions, and subsequently filed a July 23, 2021 FOF and COL; Order Granting Motion to Suppress Evidence (**July 23, 2021 Order Granting Suppression**).[6]

---

[5] The State called the following witnesses at the hearing:  Shayna Hipolito, a former MPD employee who assisted Officer Thompson with booking Sulenta at the Lahaina Police Station and authenticated the processing video; MPD Officer Paul Pomainville, who authenticated Officer Thompson's body cam video; and Sergeant Ryan Saribay, who responded to the police dispatch and was the first officer on the scene of the accident, observed Sulenta at the scene, and turned over the investigation once Officer Thompson arrived.

[6] The Order Granting Suppression stated in pertinent part:

FINDINGS OF FACT

10. Ofc. Thompson also prepared a declaration (Dkt. #3) which served as the sole basis for the judicial determination of probable cause (Dkt. #7) for the Felony Information and Non-Felony Complaint herein (Dkt.#1).

. . . .

CONCLUSIONS OF LAW

. . . .

19. Ofc. Thompson's declaration in support of the Felony Information and Non-Felony Complaint herein, referred to in paragraph 4 above fall within the "core class of testimonial statements described in Crawford." State v. Fitzwater, 122 Haw. 354, 371-373 (2010), quoting, Crawford v. Washington, 541 U.S. at 51-52; Melendez v. Massachusetts, 557 U.S. 305, 129 S. Ct. 2527 (2009). The declaration is inadmissible testimonial hearsay.

4

The Circuit Court suppressed the documentation from Officer Thompson, the body cam video, and the Lahaina Police Station Processing Video, ruling these items inadmissible at trial due to the Confrontation Clause and Sixth Amendment[7] issues resulting from Officer Thompson's unavailability for cross-examination by Sulenta.

On July 29, 2021, Sulenta filed the Motion to Dismiss at issue in this appeal, arguing *inter alia*, that dismissal was necessary based on the July 23, 2021 Order Granting Suppression. Sulenta attached the suppression order to his motion, urging that "in light of [the order], it is evident that the State lacks the evidence to proceed against [Sulenta] . . . ."  In opposition, the State argued that under HRS § 806-88(b), a determination of probable cause may be based in whole or in part on hearsay evidence and upon evidence that may ultimately be ruled inadmissible at trial, and that there was sufficient additional evidence that was not suppressed "for the case to proceed to trial."

Following hearings on August 5 and 19, 2021, the Circuit Court granted Sulenta's motion and dismissed Counts 1-5 without prejudice, noting in its oral ruling that the State could re-file a felony information with the additional "potential sources of evidence that may exist" that the State had made reference to.  On September 13, 2021, the Circuit Court filed its FOF, COL, and Order Granting Motion to Dismiss, from which the State timely appealed.

A circuit court's ruling on a "motion to dismiss an [information] based on sufficiency of the evidence to support the [information]" is reviewed de novo.  State v. Shaw, 150 Hawaiʻi 56, 61, 497 P.3d 71, 76 (2021) (citing State v. Taylor, 126 Hawaiʻi 205, 215, 269 P.3d 740, 750 (2011)).

---

[7]     The sixth amendment to the United States Constitution and article I, section 14 of the Hawaiʻi Constitution guarantee an accused the right to confront adverse witnesses.  State v. Balisbisana, 83 Hawaiʻi 109, 115, 924 P.2d 1215, 1221 (1996).

> Findings of fact are reviewed on appeal under the clearly erroneous standard. Jones v. State, 79 Hawaiʻi 330, 334, 902 P.2d 965, 969 (1995). "A finding of fact is clearly erroneous when, despite evidence to support the finding, the appellate court is left with the definite and firm conviction in reviewing the entire evidence that a mistake has been committed." Id. (quoting Tachibana v. State, 79 Hawaiʻi 226, 231, 900 P.2d 1293, 1298 (1995)). "A finding of fact is also clearly erroneous when the record lacks substantial evidence to support the finding." O'Grady v. State, 140 Hawaiʻi 36, 43, 398 P.3d 625, 632 (2017) (quoting In re Grievance Arbitration Between State of Haw. Org. of Police Officers, 135 Hawaiʻi 456, 461-62, 353 P.3d 998, 1003-04 (2015)).
>
> "An appellate court may freely review conclusions of law and the applicable standard of review is the right/wrong test." Dan v. State, 76 Hawaiʻi 423, 428, 879 P.2d 528, 533 (1994) (quoting Maria v. Freitas, 73 Haw. 266, 270, 832 P.2d 259, 262 (1992)).

Birano v. State, 143 Hawaiʻi 163, 181, 426 P.3d 387, 405 (2018).

### FOF 9

FOF 9 stated that the suppression order concluded that Officer Thompson's Declaration was inadmissible hearsay banned by the Crawford case. The State acknowledges that FOF 9 "is a correct statement of what the Circuit Court ruled" in the suppression order, but claims that FOF 9 "incorrectly implies that the admissibility of evidence is a proper consideration on a Motion to Dismiss an Information." The State thus concedes that FOF 9 is accurate and not clearly erroneous as a factual finding. The State's disagreement with an implication of FOF 9 that it perceives as incorrect does not render FOF 9 clearly erroneous as a factual finding. See Birano, 143 Hawaiʻi at 181, 426 P.3d at 405.

### COL 3

The State argues that COL 3 is erroneous because the admissibility of evidence is not "a proper consideration" on a motion to dismiss an Information and that "while Crawford has implications regarding admission at trial, it has no bearing on the determination of probable cause." We do not read COL 3 as applying Crawford to a "determination of probable cause." COL 3,

which is actually an FOF, merely states that the evidence in Thompson's Declaration in support of the Information was previously determined by the court "to be inadmissible testimonial hearsay" banned by Crawford.  This FOF is based on the record of prior proceedings in this case, is supported by the suppression order, and is not clearly erroneous.  See id.

### Second COL 4 and COLs 5 - 10

The State argues that Second COL 4 was wrong, where the Circuit Court concluded that the "information in the charging packet," i.e. Officer Thompson's Declaration, "is not permissible for purposes of opposing the subsequent motion to dismiss for lack of probable cause nor for use at the trial where the proponent of the hearsay statements is deceased and unavailable for cross-examination."  The State argues that HRS §§ 806-85(b)[8] and 806-88(b)[9] allow the court to rely upon hearsay for both the

---

[8]     HRS § 806-85 (2014), entitled "Probable cause," provides in pertinent part:

> (a) When an information is filed, the court having jurisdiction shall review the information and its exhibit to determine whether there is probable cause to believe that the offense charged was committed and that the defendant committed the offense charged.
>
> (b) A finding of the existence of probable cause or lack thereof may be based in whole or in part upon hearsay evidence or upon evidence that may ultimately be ruled to be inadmissible at the trial.
>
> (c) If the court finds that there is probable cause to believe that the offense charged was committed and that the defendant committed the offense charged, the court shall set bail and direct the clerk to issue a warrant for the arrest of the defendant. . . .

[9]     HRS § 806-88 (2014), entitled "Ruling on motion to dismiss," provides:

> (a) The court shall determine from an examination of the information and its attachments, and in light of any evidence presented at a hearing on a motion to dismiss the information, whether the information and its attachments establish the existence of probable cause to believe that the offense charged has been committed and that the defendant committed the offense charged.

(continued...)

7

probable cause determination and a motion to dismiss an Information. The State also claims that Second COL 4 conflicts with HRS § 806-88, which "requires consideration" of Officer Thompson's Declaration submitted in support of the Information.

While the wording in Second COL 4 is confusing, COL 7 makes clear that the Circuit Court did consider Officer Thompson's Declaration. The Circuit Court's reasoning in Second COL 4 and COL 5 turned on Sulenta's inability to exercise his right to call the officer and question him at the motion to dismiss hearing as provided by HRS § 806-87(a).[10] HRS § 806-87(a) provides that a defendant may introduce evidence at a hearing to dismiss an Information, by issuing subpoenas and calling witnesses, to challenge the existence of probable cause. Sulenta was unable to do this since Officer Thompson had passed away. Hence, COL 5's conclusion that Sulenta was "stymied" in seeking dismissal of the Information under HRS § 806-88(a), "because Officer Thompson was not here to answer questions about his declaration," was not wrong. See id. As the State points out, HRS § 806-88 requires the court to rule on a motion to dismiss based on reviewing the Information and attachments, but

---

[9](...continued)
> (b) A finding of the existence of probable cause or lack thereof may be based in whole or in part upon hearsay evidence or on evidence that may ultimately be ruled to be inadmissible at the trial.

[10] HRS § 806-87 (2014), entitled "Evidence at hearing on motion to dismiss," provides:

> (a) The defendant may introduce evidence at the hearing. The defendant may also subpoena and call witnesses if the motion is accompanied by a declaration stating that counsel for the defendant (or the defendant if appearing without counsel) has a good faith basis to believe that each witness subpoenaed will provide specific testimony to help demonstrate that the information and its exhibit or exhibits do not establish the existence of probable cause to believe that the offense charged has been committed or probable cause to believe that the defendant committed the offense charged.

> (b) The court may, in its discretion, permit the State to call witnesses, introduce evidence, or otherwise supplement the exhibit or exhibits appended to the information.

(Emphases added).

the statute also requires consideration of "any evidence presented at a hearing" on a motion to dismiss. Here, the Circuit Court in COL 7 did consider the contents of Officer Thompson's Declaration pursuant to HRS § 806-88(a), but further concluded that the Declaration and the other "facts argued by the State" could not be used to oppose the Motion to Dismiss where the officer "is deceased and unavailable for cross-examination." Second COL 4, COL 6. Second COL 4 and COL 6 were not wrong under the circumstances of this case, where Sulenta could not call or question Officer Thompson as a witness at the Motion to Dismiss hearing as provided by HRS § 806-87. See id.

As to COLs 7-10, the State argues that these COLs are again "flawed" because they "ignore the basis [sic] principle regarding what may be considered on a Motion to Dismiss an Information" under HRS §§ 806-85(b) and 806-88(b). COLs 7-10 do not disregard HRS §§ 806-85(b) and 806-88(b), but reflect the Circuit Court's consideration of the entirety of the record before it, consistent with the hearing procedure set forth in HRS § 806-87. At a motion to dismiss hearing, HRS § 806-87 permits both sides the opportunity to present additional evidence beyond the original evidence in support of the initial probable cause determination. Here, the Circuit Court properly considered evidence beyond Officer Thompson's Declaration attached to the Information, pursuant to HRS §§ 806-87 and 806-88. Following a motion to dismiss hearing conducted in accordance with HRS §§ 806-85, 806-86, 806-87, and 806-88, COLs 7-10 set forth the Circuit Court's description and analysis of, and conclusions about the record of evidence presented. These COLs are not erroneous. See id.

### COL 11

The State argues that the Circuit Court erred in COL 11, which cites State v. Corpuz, 67 Haw. 438, 690 P.2d 282 (1984), for the "proposition that a [] 'trial court can dismiss a Complaint or Indictment because of the incompetency of evidence.'" The State argues that this conclusion "ignores the

actual holding of Corpuz, which explicitly permits reliance upon hearsay testimony to support an Indictment."  The State also argues that COL 11 is incorrect because "it specifically references dismissal of Complaints and Indictments" and not a Felony Information.  These arguments lack merit.

In Corpuz, the supreme court reaffirmed prior precedent that:  "'where the hearsay testimony was not used deliberately in the place of better evidence to improve the case for an indictment, dismissal of the indictment is not required.'"  Corpuz, 67 Haw. at 440, 690 P.2d at 285 (quoting State v. Murphy, 59 Haw. 1, 6, 575 P.2d 448, 453 (1978)).  COL 11 refers to the standard of review used in the Corpuz case, and is not an erroneous statement of law.  See id. at 440, 690 P.2d at 284 ("A motion to dismiss an indictment because of the incompetency of evidence before a grand jury is addressed to the discretion of the trial court.").

The State's second argument that Corpuz applies only to complaints or indictments and not to an Information also lacks merit.  Legal precedent and authorities pertaining to complaints and indictments similarly apply to a felony information.  See HRS § 806-9;[11] see also State v. Pitolo, 141 Hawaiʻi 131, 138 n.12, 406 P.3d 354, 361 n.12 (App. 2017) (quoting HRS § 806-9 and recognizing that the requirement that an indictment contain an averment of facts regarding a statute of limitations also applies to a felony information).

We thus conclude that the Circuit Court did not err in granting the motion to dismiss the Information without prejudice.  See Shaw, 150 Hawaiʻi at 61, 497 P.3d at 76.

For the foregoing reasons, we affirm the September 13, 2021 Findings of Fact, Conclusions of Law; Order Granting Defendant-Appellee Cole F. Sulenta's Motion to Dismiss Counts 1-5

---

[11]     HRS § 806-9 (2014), entitled "Information, laws applicable," states in pertinent part:

> All provisions of law applying to prosecutions upon
> indictments, . . . to motions, pleadings, trials, . . . and
> to all proceedings in cases of indictment, whether in the
> court of original or appellate jurisdiction, shall in the
> same manner and to the same extent as near as may be, apply
> to information and all prosecutions and proceedings thereon.

for Insufficient Evidence, filed by the Circuit Court of the Second Circuit.

DATED:  Honolulu, Hawaiʻi, July 27, 2022.

On the briefs:

/s/ Katherine G. Leonard
Presiding Judge

Richard B. Rost,
Deputy Prosecuting Attorney,
County of Maui,
for Plaintiff-Appellant.

/s/ Keith K. Hiraoka
Associate Judge

Myles S. Breiner,
(Law Office of Myles S.
Breiner & Associates),
for Defendant-Appellee.

/s/ Karen T. Nakasone
Associate Judge